JAMES DUFIELD, Appellant, *v.* ELISHA A. CROSS, Appellee.

APPEAL FROM McHENRY.

It is erroneous to instruct a jury in such language, as assumes that a settlement can only be proved by the admissions of the plaintiff in the suit.

The declarations of a party are admissible in evidence against him, and are to be received and considered by the jury. Although such declarations are not made deliberately, the jury must determine what weight shall be given them.

The right of action for services rendered by a minor, is in the parent or guardian.

This action was brought in the McHenry Circuit Court, by Cross against Dufield; and was tried before Henderson, Judge, and a jury, at April term, 1850; and resulted in a verdict and judgment in favor of Cross, for the sum of $160.00.

The facts necessary to a full understanding of the opinion of the Court, are set forth in it.

T. L. DICKEY and STRODE & McCLURE, for Appellant.

LOOP & HURLBUT, for Appellee.

TREAT, C. J.    This was an action of assumpsit for work and labor. It appeared from the evidence, that, in 1838, the plaintiff was placed by his mother with the defendant, to remain until he should become of age. He continued with the defendant until the spring of 1849, when he received a horse of the value of $140, and went to Wisconsin. He afterwards returned, and performed some further service. He became of age in the latter part of 1848. While with the defendant, he was treated as a member of his family. The plaintiff introduced evidence of the value of his services, as well before, as after he attained his majority. The defendant proved some payments, and also

admissions of the plaintiff, made on several occasions and under different circumstances, to the effect that a settlement had taken place, and that he was to wait on the defendant for the balance found due him until the fall of 1851. At the request of the plaintiff, the Court instructed the jury, "that unless they believed from the evidence, that the plaintiff in this suit deliberately and distinctly admitted, that he had settled up with defendant all matters involved in this case, which settlement was agreed at the time to be in full of all demands, then the plaintiff is not cut off from recovering for his work and labor, not included in the settlement, such amount as the jury considers proved."

The instruction was erroneous, and calculated to mislead the jury. It is subject to several exceptions. It assumed that a settlement could only be proved by the admissions of the plaintiff. But as the evidence tending to show a settlement consisted mainly of the declarations of the plaintiff, this branch of the instruction may not have prejudiced the defendant. Again: the instruction applied an improper test to the admissions. It in effect wholly excluded them from the jury, unless they were deliberately and distinctly made. The declarations of a party are admissible in evidence against him, on the principle, that what he says against his interest may be considered as true. They are, indeed, often of an inconclusive and unsatisfactory character, depending very much on the circumstances under which they are made. But they are to be received and considered by the jury, in connection with the other evidence in the case. It is the province of the jury to determine what weight shall be given them. If the jury are satisfied that the declarations are true, then they are bound to regard the facts as proved, and decide accordingly. The true test in this case was whether the admissions satisfied the minds of the jury that a settlement had been made, and not whether the admissions themselves were made in a particular manner. There is another objection to the instruction. It left the jury at liberty, in the event they came to the conclusion that there had been no final settlement, to take into consideration the services of the plaintiff while a minor. The plaintiff had no legal claim to compensation for those services. The right of action, if any existed, was in the mother, who was entitled to the labor of her son, and who put him in the service of the defendant. From the amount of

the verdict, it is very evident that something was allowed the plaintiff on account of services performed before he was of full age.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*