## WILLIAM FRIZELL, Appellant, *v.* WILLIAM C. COLE, Appellee.

### APPEAL FROM JACKSON.

It is error for the Circuit Court to instruct that evidence of admissions should be received with great care, caution and allowance; the jury should judge of the weight to be given to proof of this character; much depends upon the accuracy of the memory of the witness, and the circumstances under which the admissions were made.

THIS was an action on the case by Cole against Frizell for verbal slander. The plea was, not guilty. The venue was changed from Perry county to Jackson. There was a trial by jury, and Cole recovered a judgment for five hundred dollars damages. Frizell brought this appeal.

The words complained of as slanderous embraced a charge for stealing a hog; there was evidence as to the admissions made by one of the parties.

S. S. MARSHALL, J. DOUGHERTY, and G. W. WALL, for Appellant.

Verbal admissions when deliberately made and precisely

identified, are often of the most satisfactory nature.   1 Greenl. Ev., sec. 200; 2 Wils. 395, 399 ; 9 Pick. 507, 508.

And whether the admissions in this case were deliberately made or precisely identified, and the consideration to which the evidence was entitled, was a question for the jury and not the court—and the court erred in taking the consideration of the evidence from the jury.   *Eames* v. *Blockhart,* 12 Ill. 195; *Sullivan* v. *Eades,* 3 Dana, 67 ; *Speed* v. *Herron,* 4 Mo. 356 ; *Anderson* v. *State,* 2 Kelly, 379 ; *Steel* v. *Gloss,* 1 Kelly, 486, 487 ; *Tufts* v. *Seabury,* 11 Pick. 142; *Morton* v. *Fairboak,* 11 Pick. 370; *Fisher* v. *Duncan,* 1 Hen. and Mun. 563; Broom's Legal Maxims, 108.

W. J. ALLEN, and R. S. NELSON, for Appellee.

WALKER, J.   Declarations and admissions of parties, when deliberately made, in view of all the facts to which they relate, are of the most satisfactory and convincing character as evidence.   On the other hand, casual remarks, or expressions carelessly made, are unsatisfactory and inconclusive.   And with either, owing to the infirmity of human memory, the imperfection of language, and the liability to misunderstand and to misconstrue the language employed by the person making the admission, requires that such evidence should be received with caution.   This is, however, true with reference to the proof of all verbal contracts and agreements.   In all cases where the evidence is to establish such an agreement, or to prove an admission or declaration, it is the duty of the jury to carefully consider all the circumstances under which they were made, and under which the evidence is given.   They should consider whether the party making the statement did so with a knowledge of the facts to which it relates.   Whether it was casually or deliberately made.   Whether what was said was understood by the witness.   Whether from his intelligence he is able to give the language employed, or only his impression or understanding of what was said.   Also, his opportunity of hearing and understanding all that was said at the time in reference to the matter in dispute.   These are all questions for the jury.   And it is their province to determine,

in each case, what degree of weight should be given to admissions or declarations of parties, as proved before them. And it is error for the court to encroach upon this prerogative of the jury, by undertaking to inform them as to the weight this or any other description of evidence should receive.

The court, in the seventh instruction, informed the jury that evidence of admissions, such as appeared in the case, were the most frail and uncertain kind of testimony, and should be received with great care, caution and allowance. In this instruction the court assumes, that the declaration of the plaintiff below in reference to the suit and the reasons for its institution, were made under such circumstances as to render them a frail and uncertain kind of testimony. Of this the jury were alone to judge, whether the evidence was or not of that character. It was doubtless the duty of the court, if asked, to inform the jury that they should receive declarations with care and due caution, but should leave it to the jury to determine the weight to which it was entitled. By this instruction the court took that question from the jury, and that may have produced the verdict that was rendered. This was an error, for which the judgment of the court below must be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*