## E. F. BULL, ADMINISTRATOR, ETC.

### *v.*

## JOHN HARRIS.

1. ADMINISTRATOR — EXECUTION. It is error, in rendering a judgment against an administrator, to award execution. The order should be, that the judgment be paid in the due course of administration.

2. SETTLEMENT OF ACCOUNTS — *evidence that everything was included.* An adjustment and settlement of accounts between parties, afford evidence that all items properly chargeable at the time, were included. This is not conclusive, but it would require clear and convincing proof that such items were unintentionally omitted by the party subsequently claiming to recover them.

3. MORAL OBLIGATION—*not enforcible.* A mere moral obligation to pay for services rendered, cannot be enforced at law.

WRIT OF ERROR to the Circuit Court of the county of La Salle; the Hon. MADISON E. HOLLISTER, Judge, presiding.

John Harris presented his claim in the County Court of La Salle county, against the plaintiff in error, as administrator of the estate of Isaac H. Lamb, deceased. The claim was allowed to the amount of $25. Harris, not being satisfied with the amount of the allowance in the County Court, took an appeal to the Circuit Court, where such proceedings were had, that Harris recovered a judgment against the administrator for the sum of $283, for which the court *awarded execution.*

The claim was based upon certain services alleged to have been bestowed by Harris, in care and attention to Lamb, at various times, in sickness. The evidence is sufficiently stated in the opinion of the court.

Upon the rendition of the judgment in the Circuit Court, the administrator sued out this writ of error, and now insists that the court below erred in awarding execution, and that the finding was against the weight of evidence.

Messrs. G. S. ELDRIDGE, and E. F. BULL, for the plaintiff in error.

Messrs. GRAY, AVERY & BUSHNELL, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court.

The court below erred, in awarding an execution against the administrator. The order should have been, that the judgment be paid in the due course of administration. This is the settled law in this State, as announced in numerous

cases in this court. For this error the judgment will be reversed.

It is likewise urged, that the finding of the jury was against both the evidence and the instructions of the court. The account on which this recovery was had, runs through a series of six or eight years previous to the death of intestate. And the evidence shows that the settlement of the accounts of the defendant in error, were annually made during that time, and in no instance were these items embraced. His books, during the time this account continued, from its commencement till the last settlement, contained no such charge. Nor is there any evidence that they were, by accident or mistake, omitted in these settlements.

An adjustment and settlement of accounts between parties, afford evidence that all items properly chargeable at the time have been embraced. It is true, that it is not conclusive, but it requires clear and convincing proof that items properly chargeable have been unintentionally omitted by the party claiming to recover.

In this case, no such evidence is found, or anything from which it can be inferred. On the contrary, it seems that these charges were intentionally omitted, and never designed to have been made in any event. The evidence strongly tends to show, that this service was rendered with no expectation of receiving any pecuniary compensation, during the lifetime of intestate, but that it was with the expectation, on the part of defendant in error, that deceased would remember him in his will. There was no promise to pay on the one part, or expectation of receiving it, as a matter of adjustment, on the other.

There is nothing to show that there was any legal obligation on deceased to pay this charge. It was, at most, a moral obligation, which cannot be enforced. Had Lamb lived, it cannot be supposed, in the light of this evidence, that defendant in error would ever have demanded payment for services gratuitously rendered, and for which no charge is made, or intended to be made. We think the

evidence shows these charges to have been of that character.

The finding of the jury was therefore against the evidence as well as the instructions, and the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*