# HARRISON YOUNG

*v.*

## SARAH FOUTE.

1. EVIDENCE — *admissions.* Admissions are to go to the jury, but a party making them is at liberty to disprove them, — to show by proof *aliunde* they were not true, or made for a purpose. The jury are to determine what weight should be given to them.

2. ADMISSIONS — *when they operate as an estoppel.* Unless admissions have induced a person to act on them, and so altering his condition, they may be shown to be untrue; but, if a party has acted on them, they will operate as an estoppel on the party making them.

3. SAME — *weight to be given.* In all cases of admissions, it is for the jury to determine the weight to be given to them, for much depends on the accuracy of the memory of the witness, and the circumstances under which the admissions were made.

3 — 43D ILL.

APPEAL from the Circuit Court of De Witt county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was an action of assumpsit, brought by the appellee against the appellant, in the Circuit Court of De Witt county.

The cause was tried by a jury, and verdict given in favor of the plaintiff for $1,150. The defendant made a motion for a new trial; whereupon, the plaintiff remitted $119 of the verdict, and the court overruled the motion for a new trial, and rendered judgment for $1,031. The cause is brought here by appeal.

The facts are fully stated in the opinion of the court.

Mr. C. H. MOORE, for the appellant.

Messrs. WILLIAMS & BURR and E. H. PALMER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit brought in the De Witt Circuit Court, to the May Term, 1866, by Sarah Foute against Harrison Young, on five promissory notes, of the date of January 1, 1856, made payable by defendant to plaintiff, and alleged to be lost. The declaration counted on each note, and there was a count on all the notes tracing their delivery to one Mastin for collection, who delivered the notes to the defendant, to be redelivered by him to the plaintiff, and a failure by him to redeliver them. The seventh count was on the note described in fifth count, due in nine years from date, for two hundred dollars, alleged to have been left, unindorsed, in plaintiff's trunk, and lost.

The eighth count was for land sold and "delivered" by the plaintiff to the defendant. A notice was served on the defendant to produce on the trial the five notes described in the declaration, all of them described as non-bearing interest notes.

The plea was the general issue with notice of set-off, accompanied by a bill of particulars.

The cause was tried by a jury, and a verdict rendered for the plaintiff for eleven hundred and fifty dollars. A motion was made for a new trial, whereupon the plaintiff remitted one hundred and nineteen dollars of the verdict, and the court overruled the motion for a new trial, and rendered judgment for the plaintiff for one thousand and thirty-one dollars.

To reverse this judgment, this appeal is taken, and it is assigned for error, that the court admitted improper evidence for the plaintiff, excluded proper evidence for the defendant, gave improper instructions for the plaintiff, refused proper instructions for the defendant, the court should have set aside the verdict, and granted a new trial, the court should have arrested the judgment, and should not have permitted one of the notes to be withdrawn after verdict and judgment upon it.

In lieu of an account, and as a basis for the eighth count for land sold and "delivered," there was filed with the declaration, what was supposed to be a record of a suit in chancery, in the Macon Circuit Court, in which the defendant was complainant, and the plaintiff and others defendants, the object of which was to obtain a decree of that court, for the specific performance of a contract made by defendant with Jacob Foute, in his life-time the husband of plaintiff, for the conveyance of a certain tract of land in that county. By this contract it appears Jacob Foute agreed to sell defendant his farm of one hundred and eighty-two acres, for which defendant agreed to pay two thousand and fifty dollars, and had paid thereon in cash, fifty dollars. The remaining two thousand dollars defendant agreed to pay as follows: one thousand dollars to the plaintiff, in payments according to the tenor, and in the amounts, of the several notes sued on, they to be without interest, and the same amount to Jacob Foute. It was agreed, that defendant should hold all the notes until he received a warranty deed for the land; when he did receive it, he was to deliver the notes to Jacob and Sarah Foute, the plaintiff. Jacob Foute having died, the bill was filed for a conveyance, and Sarah Foute, and the heirs at law of Jacob Foute, made defendants, and these notes were produced by complainant Young in court, delivered up, and a decree passed in

his favor for a deed for the land so sold, which the master in chancery of Macon county was directed to execute and deliver to Young. The notes are made an exhibit in the bill, and are the same as those described in the declaration in this cause.

The first objection made by appellant is as to the admission in evidence of these chancery proceedings. The clerk of the Macon Circuit Court certifies, under the seal of the court, that they are correct copies, as appears from the record and files of his office. We see no substantial objection to the record as evidence, for the purpose of proving what was sought to be proved by it, namely, the identity of the notes, and the fact that they were given for land sold.

Notes on Young, of the amounts specified in the declaration, were purchased by Hiram Mastin of Sarah Foute for six hundred dollars, which he agreed to secure her by his own note and a mortgage on land. When the trade was about to be consummated Mrs. Foute retracted, and told Mastin to deliver the notes to Young, and he would hand them to her. Mastin states distinctly that the notes so delivered to him bore interest from date, and consequently could not have been the notes in suit, for they bore no interest. The objection to this testimony on this point was properly overruled. It was a question of identity, and should go to the jury with the other proofs on that point. The notes thus given to Mastin he delivered to Young on Young paying him two hundred and thirteen dollars. When the notes were given to Mastin, Mrs. Foute stated that from one hundred and sixty to two hundred dollars had been paid on them, and when she declined to comply with her contract made with Mastin he told her she could not get Young's notes, to which she replied that he (Mastin) could not collect them, for she and Young had had a settlement of their accounts and she found Young had paid the notes. Mastin still holding the notes, he and Young were about to have a lawsuit about them when Young agreed to give Mastin two hundred and thirteen dollars if he would give up the notes to Mrs. Foute, which Mastin agreed to do. Mastin then asked Mrs.

Foute what he should do with the notes if he and Young settled. She said he might hand them to Young and he would bring them to her. When Young paid the two hundred and thirteen dollars he said the notes were given for land and were paid. Mastin then gave the notes to Young, and told him what Mrs. Foute said about his bringing them to her. It was · sworn by McIntosh, for the plaintiff, that he heard Mrs. Foute demand her notes of Young, and Young said she could have them when she signed a deed. No particular notes or land were mentioned.

This was all the evidence for the plaintiff.

To rebut this proof, one Lowey testified for the defendant, that he was a justice of the peace, and went to Mrs. Foute with Mastin's note and mortgage, which she was to take for Young's notes, which she had let Mastin have. She refused to accept Mastin's note and mortgage, and said Young's notes were all paid off; that she and Young had settled, and Young did not owe her any thing.

One Craig stated for defendant, that in October, 1864, he was at Young's making molasses, and Mrs. Foute came out to where he was, and told him all about the difficulty between herself and Mastin and Young. She said she and Young had settled, and she owed him fifteen dollars over and above his notes, and mentioned a number of the items that Young had paid her. She said Young had supported her mostly for ten years, had paid some money for her, kept her stock, etc. This was some time after the difficulty had been settled, some two or three months, as the witness understood.

On this evidence, the court gave these instructions for the plaintiff, to which the defendant excepted :

"If the jury believe, from the evidence, that the defendant was indebted to the plaintiff for land, in any sum less than $1,600, and gave plaintiff his notes therefor, and has since himself got possession of said notes, and has not paid said indebtedness, — then they will find for plaintiff the amount shown by the evidence due for such land.

"If the jury believe, from the evidence, that the defendant was indebted to the plaintiff on the five notes in the declaration described, and has not paid said notes, and himself now wrongfully has possession of said notes, then they will find for the plaintiff the amount due on said notes.

"The court instructs the jury, on behalf of the plaintiff, that, while admissions are competent to be given in evidence against a party who makes them, they are often of an inconclusive and unsatisfactory character, depending very much on the circumstances under which they were made. It is the province of the jury to decide the weight to be given to admissions, and in so doing they have a right to take into consideration the circumstances under which they were made, and the relation and condition of the parties to such admissions, and the ability of witnesses to recollect such admissions as they were originally made.

"If the jury believe, from the evidence, that the plaintiff has admitted that the notes have been paid; yet if they further believe, from the evidence, that these admissions were made for the purpose of getting the notes back out of Mastin's hands, and that they have not in fact been paid, then they have a right, if they choose to do so, to disregard these admissions."

The court refused to give the following instructions asked by defendant, to which defendant also excepted:

"The court instructs the jury that verbal admissions of payment are good proof of payment, if the jury believe, from the evidence, that such admissions were made.

"The court instructs the jury, that if they believe, from the evidence, that Young paid Mastin a valuable consideration for the notes sued on, and for that consideration the notes were given up to Young, that is evidence tending to show that the defendant honestly came by the notes.

"If the jury believe, from the evidence, that Mrs. Foute sold these notes to Mastin, and Mastin, for a valuable consideration, gave up the notes to the defendant, the plaintiff cannot recover on the notes in this action."

The defendant also excepted to a modification made by the court to his fourth instruction given by the court as follows: "Admissions made by the plaintiff of payment by defendant are good evidence of payment, if the jury believe such admissions were made" — the modification was in the addition of the words "and were true."

The defendant also excepted to the modification to his sixth instruction given by the court as follows: "That the variance of interest from date" in the notes described by Mastin and interest from due in those in the declaration, if they believe such a variance proved is a material variance — the court added, "under the first count of the declaration."

The doctrine as to admissions of parties is correctly stated in the third of plaintiff's instructions and is in harmony with the cases adjudged in this court on that point. Admissions are to go to the jury, but a party making them is at liberty to disprove them — to show by proof *aliunde* they were not true, or made for a purpose. The jury are to determine what weight should be given to them. *Duffield* v. *Cross*, 12 Ill. 397; *Ingalls* v. *Bulkley*, 15 id. 224. Unless admissions have induced a person to act on them and so altering his condition, they may be shown to be untrue, but if a party has acted on them, they will operate as an estoppel on the party making them. *Ray* v. *Bell*, 24 Ill. 444. And in all such cases it is for the jury to determine the weight to be given to them, for much depends on the accuracy of the memory of the witness, and the circumstances under which the admissions were made. *Frizzell* v. *Cole*, 29 Ill. 465.

The court then did not err in the instructions given for the plaintiff nor in refusing those asked by the defendant as modified. Nor did the court err in restricting the proof of variance to the first counts in the declaration. Those counts were upon the notes, whereas the recovery was sought on the count for land sold, so that the variance had nothing to do with the case on that count.

But we are not satisfied with this verdict. It is questionable under the proof if the plaintiff has a right to recover at all, but

it is clear she has recovered too much, no credit having been allowed Young for the $213 paid by him to Mastin when Mastin held the notes. Nor does it appear, Young has been allowed for the amount paid on the notes before they came to Mastin's hands. If the notes are not wholly paid as Mrs. Foute said they were, it is very clear the maker has not been credited with the amounts he has paid on them. The case ought to be further investigated by another jury, and for that purpose, for the reasons given, the judgment is reversed and a new trial awarded.

*Judgment reversed.*