PETER STRAUBHER *et al.* EXrs.

*v.*

JACOB MOHLER.

| 80    21
| 78a 385
—————
80    21
e194 1636

1. WITNESS—*when party competent in his own behalf in suit against an executor.* A claimant who is prosecuting a claim against the estate of a deceased person is a competent witness in his own behalf, in relation to what was done and said at a settlement between him and the executor of the estate, about which a witness produced by the executor has testified.

2. SETTLEMENT—*presumed to embrace all items of account on both sides.* A strong presumption arises, that a settlement of accounts between parties embraces all the items each has against the other that are due, and this presumption is so strong, that it devolves upon the party asserting the contrary to prove that an item omitted was not due, or that it was omitted by consent of parties, or by accident and unintentionally by the party claiming it.

3. ADMISSIONS—*weight to be given to evidence of, a matter for the consideration of a jury.* Whilst it may be true, as a general rule, that evidence of the admissions of parties is unsatisfactory, it is not necessarily and *per se* of that character. It may or may not be so, according to the circumstances

22          STRAUBHER *et al. v.* MOHLER.          [Sept. T.

Opinion of the Court.

attending it, from which the jury are to determine what weight it is entitled to, without any interference in that respect on the part of the court.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

Mr. S. S. PAGE, and Messrs. CRATTY BROS., for the appellants.

Messrs. BURNS & BARNES, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee presented a claim in the probate court of Woodford county, against the estate of Joseph Belsley, deceased. A trial was had in that court, and the cause was removed, by appeal, to the circuit court of that county, but the judge having been counsel in the case, the venue was changed to the circuit court of Peoria county. In the county court, the jury found for the defendants a verdict for 73 cents, but on a trial in the circuit court, the jury found for the plaintiff $1100 over and above a note introduced as a set-off by the executors of the estate, on which a judgment was rendered, allowing the claim against the estate for the sum found by the jury, and the executors appeal.

Various errors have been assigned on the record, and we shall consider such as we regard as having force or plausibility.

It is first urged, that the court below erred in permitting appellee to testify in his behalf, the person being dead for whom he transacted the business and from whose estate he was seeking to recover for services rendered. It appears that he was called to rebut the evidence of Dent as to a settlement, which occurred between him and the executors of the estate after Belsley's death. This evidence clearly falls within the first exception to the second section of the statute entitled " Evidence and Depositions." Appellee was called to prove what was done and said at the settlement between him and the executors, and this is clearly and expressly sanctioned by this clause of the statute. His evidence only related to what Dent had testified was done or said at that settlement, and,

according to his testimony, what is objected to was called out by Dent, when he inquired why appellee had not sooner presented his claim. Appellee only testified to what he said in reply. It is a general rule relating to conversations, that when one party introduces a part, the other may call for and have the entire conversation, so far as it relates to the subject matter in dispute. We fail to perceive any error in admitting this evidence.

It appears that Bangs, for appellee, testified that he was a good, active, prompt business man, and the court refused to permit appellants to cross-examine him on that question. It would seem that this evidence was material, as tending to enhance the value of appellee's services, rendered for deceased, and in that view appellants should have been allowed to cross-examine on that question. Where the evidence is slight, or nearly balanced, such errors may have an important bearing on the finding of the jury. The parties should have all of their rights strictly guarded in the admission of evidence and the instructions given by the court.

Exceptions are taken to appellee's fifth instruction. It is this:

"No adjustment of accounts between Belsley or Mohler, or between the executors and Mohler, could bar this claim for services, if it in fact existed, and if it was not in fact brought forward and settled."

Whilst this may assert a legal proposition in the abstract, still, under the facts in the case, it may have misled the jury. As a general rule, a strong presumption arises that a settlement of accounts between parties embraces all the items each has against the other that are due, and this presumption is so strong that it devolves upon the party asserting the contrary to prove that the item was not due, or that it was by consent of the parties omitted from the settlement, or that it was omitted by accident or unintentionally by the party claiming it. Here, there was evidence tending to show, that whilst all other items embraced in a number of settlements were properly

charged and entered on appellee's books, charges for the services claimed were not so entered. And when it is considered that, according to the evidence, appellee had been rendering services for a long period of time, and that if he intended to charge for the same they were barred for more than half the period, it certainly was a fair presumption that no charge was intended, or the claim would have been made at some one or all of these settlements; and whilst such settlements would not be an absolute bar, still would raise so strong a presumption against the validity of the claim that it should have been explained or overcome by satisfactory evidence. See *Bull* v. *Harris*, 31 Ill. 487. The instruction should, to have been proper under the evidence, have been qualified so as to have informed the jury that these settlements raised a presumption that the claim was invalid, unless it was expressly reserved or had been unintentionally and by mistake omitted.

With slight modification to conform to what we have just said in reference to appellee's fifth instruction, appellants' fifth refused instruction should have been given; but the second and third of his refused instructions were not proper, as they asked the court to invade the province of the jury, and tell them the weight that should be given to the evidence of witnesses. Whilst it may be true, as a general rule, that evidence of admissions by parties is unsatisfactory, it is not necessarily and *per se* of that character. It may be, and frequently is, of the most satisfactory of all verbal testimony. When an admission is made understandingly and deliberately, and is testified to by an intelligent, truthful witness, of good memory, all know that such evidence is highly satisfactory and free from suspicion; but when casually made, and to an inattentive person, of bad memory, or such a want of apprehension as to make it doubtful whether he fully understood or heard what was said, or his manner shows that he is strongly biased in favor of the party calling for the admission, then, of course, such evidence is weak, and should be closely scrutinized—but these circumstances are for the consideration of the jury. To have been proper, these instructions should have been modified.

It is urged that the evidence fails to sustain the verdict. We think this error is well assigned. If appellee was entitled to recover any sum whatever, the finding is, manifestly, greatly too large; but as the case will have to be passed upon by another jury, we shall refrain from considering the evidence in detail.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*