## ZENAS HARTLEY
### v.
## WINFIELD LYBARGER.

1. EVIDENCE—ADMISSIONS.—While it may be true that evidence of admissions by parties is unsatisfactory, it is not necessarily and *per se* of that character. When an admission is made understandingly and deliberately, and is testified to by an intelligent, truthful witness, of good memory, such evidence is highly satisfactory.

2. INSTRUCTIONS.—An instruction should not invade the province of the jury, by directing them what weight should be given to the testimony of any witness.

3. PRACTICE—JUDGMENT AGAINST ALL.—In some cases where a defendant interposes a plea personal to himself, as infancy, bankruptcy or the like, the jury may sever their finding, but where defendants plead jointly it is not error to instruct the jury that a judgment must be against all or none.

APPEAL from the Circuit Court of Woodford county; the Hon. D. McCULLOCH, Judge, presiding. Opinion filed May 2, 1879.

Mr. S. S. PAGE, for appellant; that evidence of admissions are often the most satisfactory evidence, cited Straubher v. Mohler, 80 Ill. 21.

The plea of appellant, showing matter in discharge of his personal liability, a judgment could be rendered in his favor, and against the other defendants: 1 Chit. Pl. 45; Danforth v. Semple, 73 Ill. 170.

Where the verdict is against the evidence the court will grant a new trial: Lowry v. Orr, 1 Gilm. 70; Scott v. Blumb, 2 Gilm. 595; Keaggy v. Hite, 12 Ill. 99; Baker v. Pritchett, 16 Ill. 66; Miller v. Hammers, 51 Ill. 175; Topping v. Maxe, 39 Ill. 159; Ray v. Bullock, 46 Ill. 64; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; Maynz v. Zeigler, 49 Ill. 303.

Messrs. CHITTY, CASSELL & GIBSON, for appellee; that where the evidence is conflicting the verdict will not be set aside, cited Lowry v. Orr, 1 Gilm, 70; Bloom v. Crane, 24 Ill. 48; Jenkins v. Brush, 3 Gilm. 18; Sullivan v. Dollins, 13 Ill. 85.

Hartley v. Lybarger.

The judgment should be against all or none: Kimnel v. Schultz, Breese, 169; Russell v. Hogan, 1 Scam. 552; Hoxey v. County of Macoupin, 2 Scam. 36; Tolman v. Spalding, 3 Scam. 13; Frink v. Jones, 4 Scam, 170; Wight v. Meredith, 4 Scam. 360; Faulk v. Kellums, 54 Ill. 189; Kimball v. Tanner, 63 Ill. 519.

Defendant should have relied upon his personal defense alone: Tolman v. Spalding, 3 Scam. 13; Tidd's Pr. 682; 3 Cowen, 374; 1 Chit. Pl. 45.

Where substantial justice has been done the verdict will not be disturbed: Leigh v. Hodges, 3 Scam. 15; Gillett v. Sweat, 1 Gilm. 475; Elam v. Badger, 23 Ill. 498; Wheeler v. Shields, 2 Scam. 348; Calhoun v. O'Neal, 53 Ill. 354; Dishon v. Schorr, 19 Ill. 59; Schwarz v. Schwarz, 26 Ill. 81; Hall v. Growfe, 52 Ill. 421; Warren v. Dickson, 27 Ill. 115.

PILLSBURY, P. J. Action of assumpsit on promissory note, brought by appellee against the appellant, Hartley, Thad. Page, and Joseph Morley. Morley failing to plead, default was entered as to him. Pleas of the general issue and payment were pleaded jointly by defendant, Page, and appellant. The appellant also filed separate pleas that he was surety, and that appellee extended the time of payment, etc., whereby he is discharged. A trial was had and a verdict against all the defendants, upon which judgment was rendered, and Hartley appeals.

The main contest in the case was, whether the appellee had extended the time of payment for a valuable consideration, without the consent of Hartley. Upon this point the principal defendant, Page, and the appellee were in conflict, and the appellant called one Salmon Allen, who testified, in substance, that he heard appellee tell Page that he, appellee, had extended the time twice, and that Page had paid him for both extensions, the last time giving him three dollars.

The fifth instruction given for the plaintiff below, was directed at this testimony of Allen, and designed to destroy its effect with the jury. Instructions should not invade the province of the jury by directing them what weight should be given to the testimony of any witness.

The remarks of Mr. Justice Walker in Straubher et al. v. Mohler, 80 Ill. 21, are very much in point in this case:

"Whilst it may be true as a general rule that evidence of admissions by parties is unsatisfactory, it is not necessarily *per se* of that character. It may be, and frequently is of the most satisfactory of all verbal testimony. When an admission is made understandingly and deliberately, and is testified to by an intelligent, truthful witness, of good memory, all know that such evidence is highly satisfactory, and free from suspicion; but when casually made, and to an inattentive person, of bad memory, or such a want of apprehension as to make it doubtful whether he fully understood or heard what was said, or his manner shows that he is strongly biased in favor of the party calling for the admission, then, of course, such evidence is weak, and should be closely scrutinized. But these are circumstances for the consideration of the jury."

To the same effect are the cases of Young v. Foute, 43 Ill. 33, and Frizell v. Cole, 29 Ill. 465.

Under the authority of these cases, the fifth instruction was erroneous and should have been refused.

As this case must be submitted to another jury, we refrain from expressing any opinion upon the merits of the case.

It is urged by counsel for appellant, that the court erred in instructing the jury that they must find against all the defendants or none, and refusing to instruct that they could find in favor of Hartley and against the others. Under the pleadings in this case we see no error in such action of the court. In some cases, where one defendant interposes a plea personal to himself, as infancy, bankruptcy or the like, the practice is allowable to permit the jury to sever in their finding.

It is not necessary to determine whether such instruction would have been improper had Hartley severed in his defense in all his pleas, but having joined with his co-defendant in the plea of the general issue and payment, we are of the opinion that the instruction was right under the issues formed.

For the error indicated, the judgment must be reversed and the cause remanded.

Reversed and remanded.