## LEVI S. HODGE
## v.
## CHARLES O. BOYNTON.

The court is of opinion that the verdict is not contrary to the evidence and affirms the judgment.

APPEAL from the Circuit Court of DeKalb county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed August 7, 1885.

, Mr. JOHN L. PRATT, for appellant; as to when a court will reverse a judgment, cited Miller v. Hammers, 51 Ill. 175; Adams Ex. Co. v. Jones, 53 Ill. 463; Reynolds v. Lambert, 69 Ill. 495; Belden v. Innis, 84 Ill. 78.

Messrs. JONES & BISHOP, and Messrs. CARNES & DENTON, for appellee.

WELCH, J. This was an action of assumpsit upon the common counts, brought by appellee against the appellant. The claim, as shown by the bill of particulars filed with his declaration, amounted to the sum of five thousand six hundred and forty-six dollars and thirty-three cents. Pleas of general issue and set-off filed. The trial resulted in a verdict for appellee for the sum of eight hundred dollars, from which was remitted by the appellee one hundred and fifty-two dollars and ten cents, it appearing that the jury had not allowed appellant two per cent. per month on two notes introduced by him to sustain in part his plea of set-off, and judgment was rendered on the balance in favor of appellee. From which judgment this appeal is prosecuted.

The principal errors assigned are that the verdict is against the evidence, and that the court erred in modifying instructions for appellant.

It was held in Sullivan v. Dollins, 13 Ill. 85, that "a verdict

Hodge v. Boynton.

will not be set aside merely because the evidence might incline the mind of the court to a different conclusion," and in French v. Lowry, 19 Ill. 158, that "unless the finding or verdict is clearly wrong it will not be disturbed;" and in Johnson v. Smallwood, 88 Ill. 73, that "when the question is one of fact, purely for the jury, unless the verdict is clearly against the weight of the evidence the same will not be disturbed." In Skiles v. Caruthers, 88 Ill. 458, that "when the evidence is conflicting, if the finding of the jury is not clearly against the preponderance of the evidence, and the jury have been properly instructed, the verdict will not be interfered with."

From the evidence in this case and in view of the authorities *supra*, we are not prepared to say that the court erred in not granting a new trial upon the ground that the verdict was clearly against the evidence.

Did the court err in modifying the instructions for appellant? We think not. The first instruction without the modification assumed that the appellee had disposed of appellant's property. The second instruction for appellant, as asked, was, "The court instructs the jury that if you believe from the evidence that the plaintiff and defendant had a settlement on or about the 8th of December, 1889, of all matters of business between them, that then they are now precluded by said settlement, and the plaintiff has no right to recover for anything up to that time." This instruction was qualified by adding, "Unless the jury believe from the evidence that there were items or matters included in or left out of said settlement by fraud, accident or mistake, and if any such appears from the evidence, the parties are not concluded by said settlement as to such items." This qualification was eminently proper, as held in the case of Bull v. Harris, 31 Ill. 487, and in Straubher et al. v. Mohler, 80 Ill. 21.

Perceiving no substantial error in this case, the judgment of the court below is affirmed.

Judgment affirmed.