LONG et al., *Plaintiffs in Error*, v. McDOW.

1. **Possession :** TITLE : PRESUMPTION ; PATENT. It will be presumed that the United States government was in possession of land and had title thereto at the time of its issuance of a patent for the same.

2.  **Evidence:** ANCIENT DEED : PRESUMPTION : POSSESSION. An
    ancient deed or other instrument, having nothing suspicious about
    it, is presumed genuine without express proof, and if found in the
    proper custody may be read in evidence, without proof of posses-
    sion of the land conveyed.

3.  **Entry Upon Land:** PRESUMPTION. It will be presumed that
    one's entry upon land was innocent and lawful, and that the heir
    will claim title through his ancestor, rather than through a wrong-
    ful and unwarranted entry upon the land of a stranger.

4.  **Declarations :** PRIVIES IN BLOOD AND ESTATE. The declarations
    of one as to his manner of acquiring land and the name under
    which he acquired it are binding upon privies in blood and estate
    claiming under him.

5.  **Evidence :** IDENTITY OF NAME AND PERSON. Identity of name is
    *prima facie* evidence of identity of person.

6.  **Tenants in Common:** POSSESSION. The entry upon and pos-
    session of land by one tenant in common will not be esteemed *prima
    facie* adverse to his co-tenants, but will be held to be in support of
    the common title, and his possession and seisin is the possession
    and seisin of the others.  To be adverse to his co-tenants his pos-
    session must be public and totally irreconcilable with the co-ten-
    ancy of another.

7.  **The evidence** in this case held not to be of such a nature as to
    overcome the presumption prevailing between tenants in common
    where one takes possession of the property owned by all.

*Appeal from Morgan Circuit Court.*—HON. E. L. ED-
WARDS, Judge.

REVERSED.

*James A. Spurlock* for plaintiffs in error.

The leading cases on the question presented are,
*Warfield v. Lindell,* 30 Mo. 272, and the same case, 38
Mo. 561 ; *Lapeyre v. Paul,* 47 Mo. 586. The common
law and American authorities are examined in these
cases. It seems certain that the plaintiffs' right of ac-
tion was not barred, because the entry of defendant's
was not made under an adverse title from others, but
under the common title of all,  If the entry had been

adverse the defendant had not occupied the lands, definitely, for twenty-four years before the commencement of this suit.

*A. W. Anthony* and *R. F. Walker* for defendant in error.

There is no error in the record. Plaintiffs base their claim of title on a patent to H. Sanari, dated June 5, 1841. The evidence offered was insufficient in law to establish the title of the land in Ira Nash, the grandfather of Mrs. Long, the plaintiff. The evidence disclosing the fact that defendant had been in the actual possession of the land for over twenty-four years, the plaintiffs were, therefore barred by section 3222, Revised Statutes. *Valle v. Obenhause et al.,* 62 Mo. 81 ; *Rogers v. Brown et al.,* 61 Mo. 187. Twenty-four years' possession being shown, to avoid the prohibition of the law ( if it can be avoided at all ), the plaintiffs must establish the fact that the possession was not adverse, or that the prohibition of the statute does not apply.

SHERWOOD, J.—Plaintiffs, who are husband and wife, sue in ejectment for the one-third part of the southeast quarter of section eighteen, township forty-two, range sixteen, lying in Morgan county, Missouri. Ira Nash, a former resident of Boone county, was the father of three children, Neppy, who married Isaac Jeffries ; Alpha M., who married John McDow, and Zarada Nash, who married Greene Hutchings. The issue of this last marriage is the plaintiff, Caroline Long, who married her co-plaintiff and husband in 1836, and removed with her husband to California in 1850, where they have since resided. Neither she nor her husband was ever on the lands in dispute, or knew till about two years prior to suit brought that McDow and wife claimed adversely to them. The defendant is the son of John and Alpha McDow, who died pending this suit, and

were the original defendants therein, and who moved on to the land in dispute and took possession thereof in the year 1854, some twenty-five years prior to the bringing of this ejectment. The defendant, as well as two sisters, still remains in possession of the land, and this possession has been continuous from the time of its inception. Ira Nash died, it seems, about the year 1845, and the parents of the plaintiff, Caroline, are also dead. The defendant admitted possession of the premises, but pleaded the statutes of limitations of ten and of twenty-four years, claiming adverse, open and notorious possession of the premises for that length of time. The plaintiffs replied by a general denial and with a plea of coverture.

To maintain the issues on their part the plaintiffs read in evidence a patent from the United States to "H. San Ari" for the land in controversy. This patent bore date June 5, 1841. They also introduced Hiram Mandole, who testified that he had heard of an eccentric man by the name of Ira Nash, who lived in Boone county; that in 1842 or 1841 a man came to his house, told him his name was Ira Nash, and that he had entered the land in dispute in his own name, "spelled backwards." Mandole also testified that he knew Nash when he came, from what he had heard of his eccentric ways. By this witness, as well as by other witnesses for plaintiffs, was established the other facts already narrated. No objections were interposed to the introduction of any of the foregoing evidence.

At the close of plaintiffs' case the defendant asked and the court gave an instruction in the nature of a demurrer to the evidence, whereupon the plaintiff took a non-suit, and, after vainly moving to set the same aside, sued out the present writ of error. The sufficiency of the evidence to authorize the cause to be submitted to the jury is the only question the record presents.

And, first, as to the patent already mentioned. The

possession of this patent, its genuineness not being questioned and coming apparently from the proper custody is, when taken in connection with other circumstances to be presently mentioned, some evidence of title in those persons in whose possession it was found. Thus, it is said by Starkie: "It is every day's practice to prove the title of A B to an estate by proof of the execution of a conveyance by C D, a former owner in possession of the estate." Starkie Evid. 472. As the grantor, in this case, is the United States government, the paramount source of all title in this country, its possession of the land patented, and title thereto at the time of the issuance of the patent will be presumed. At one time it was ruled that corresponding enjoyment or possession of the property mentioned in the ancient deed or instrument was indispensably necessary; but the weight of authority is now clearly the other way, and such instrument having nothing suspicious about it is presumed genuine without express proof; and if found in the proper custody, and where proof of possession cannot be had, the deed or other instrument may be read in evidence. 1 Greenl. Evid., secs. 20 and 144, and cases cited. In this case, as already noticed, the genuineness of the instrument passed unchallenged at the hands of the defendant. Besides, as the land was entered from the government by a non-resident of the county, who died in about four years after the patent issued, it is a reasonable inference that the land was wild land, and, therefore, proof of actual possession and enjoyment by the patentee was, in one sense, impossible.

Now, as to the name of "H. San Ari," contained in the patent. The evidence establishes that Caroline Long, the plaintiff, and Alpha McDow, as well as her son, the present defendant, are heirs of a common ancestor, Ira Nash. If John McDow and Alpha, his wife, entered on the land in controversy, without any claim of title, this would make them trespassers; but such an act the law

will not presume. On the contrary, it will rather presume that the entry of McDow and wife was innocent and lawful, which only could be if their entry was made as claiming under Nash as the common ancestor. Taking this to be true is but to presume that the heir will claim title through his ancestor, rather than through a wrongful and unwarranted entry on the land of a stranger. If this position be the correct one, then it follows that the declarations of Ira Nash, as to his manner of entering the land in the name of "H. San Ari," bind all those claiming under him in the present case, they being privies both in blood and in estate with him, thus making his declarations respecting the property in litigation and the manner of its acquisition of equal potency as if made by the defendant to the present record. 1 Greenl. Evid., sec. 189 ; *Guy v. Hall*, 3 Murphy (N. C.) 150 ; *Dufield v. Cross*, 12 Ill. 397. In which event but one opinion as to the effect of such declaration could be entertained. Indeed, it may well be assumed, if the presumption of law in favor of the rightful nature of every act be borne in mind, that the taking possession of the land in suit by McDow and wife was but an instance of family conduct ; an evidence of family tradition ; a tacit recognition of relationship, and of the devolution of property, from which the opinion and belief of the family may be inferred. 1 Greenl. Evid., sec. 106. And in this connection, and in support of the foregoing views, it should be remembered that the evidence establishes that Ira Nash lived in Boone county, and that identity of name is *prima facie* evidence of identity of person. *State v. Moore*, 61 Mo. 276.

I pass now to the consideration of the only other point in this case pertaining to the sufficiency of the evidence to authorize its being submitted to the jury. Although the evidence shows that the land in dispute had been occupied for over twenty-four years at the time of suit brought, yet it does not appear what the nature of

that possession was. If the deduction heretofore made from the evidence adduced be correct, then the defendant and those under whom he claims must be regarded as tenants in common of Caroline Long ; in which case the entry of McDow and wife on the premises and their possession thereof will not be esteemed *prima facie* adverse to their co-tenants, but in support of the common title ; and their possession and seisin, the possession and seisin of the others. Cruise's Dig., Tit. 20, sec. 14. In all such cases the rule seems to be that the act of the co-tenant, his adverse possession, must be a public one, one totally irreconcilable with the co-tenancy of another. The authorities on this subject are well settled in this state. *Warfield v. Lindell*, 30 Mo. 272 ; s. c., 38 Mo. 561 ; *Lapeyre v. Paul*, 47 Mo. 586.

The evidence in this case is not of such a nature as to overcome the presumption ordinarily prevailing between tenants in common, where one takes possession of the property owned by all. Something more than mere possession is necessary, as is shown by the authorities cited.

For the reasons aforesaid the cause should have been submitted to the jury, and the judgment will, therefore, be reversed and the cause remanded. All concur.