## A. B. McDavid v. Wm. A. Ellis.

1. ACCOUNT BOOKS—*Memoranda of Settlements.*—An account book belonging to a party, and used by the parties litigant, containing accounts and memoranda of settlements made by them with testimony tending to show that such memoranda were made by one party in the presence of the other and by him retained, under proper proof should be admitted as evidence in the case.

2. SAME—*Copies, When Not Competent.*—Where a party testifying to

book entries, states that such entries were not made by him, that they are not the original entries, but were copied into the book in court by his son, and that he had left the book containing the original entries at home, the book containing the copies is not admissible.

3. INSTRUCTIONS—*Should Be Based upon Evidence.*—It is error to give instructions where there is no evidence upon which to base them.

4. SAME—*Leaving Out Important Elements.*—An instruction which tells the jury that " if the evidence shows that a witness has sworn differently at other times to what he swears to now, they have a right to wholly disregard his testimony unless he is corroborated by other credible evidence " is erroneous, as it leaves out the important element that the witness knowingly or willfully swore falsely.

5. SAME—*Must Be Confined to the Issues Made by the Pleadings.*—An instruction upon a question not put in issue by the pleading should not be given.

6. PRESUMPTIONS—*Arising from a Settlement of Accounts.*—As a general rule, a strong presumption arises that a settlement of accounts between parties embraces all the items each has against the other which are due, and this presumption is so strong that it devolves upon the party asserting the contrary to prove that the item was not due, or that it was by consent of the parties omitted from the settlement, or omitted by accident, or unintentionally, by the party claiming it.

Assumpsit, for work and labor, etc. Trial in the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed October 5, 1898.

JOHN V. BURNS and FRANK SPITLER, attorneys for appellant.

E. J. MILLER, attorney for appellee.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the court.

This is an action of assumpsit, brought by appellee, to recover of appellant for work and labor, for boarding himself and his sons and employes, and for money due for broom corn, etc. The declaration contains simply the common counts. The appellant filed a plea of non-assumpsit. The case was tried by the court with a jury. The jury found the issues for appellee and assessed his damages at $175. The court entered a judgment on the verdict.

The appellee, for some five or six years prior to the commencement of this suit, had been a tenant of appellant, and during this time they had several settlements, it is claimed by appellant.

The first error complained of is that the court, on motion of appellee, struck from the files appellant's notice of set-off. He filed this notice some two weeks after the time fixed by rule of court for settling the issues, and after the case was called for trial and without first obtaining leave of court. It does not appear that he was in any way prejudiced in presenting his defense by this ruling of the court, and hence has no grounds for complaint.

There was an account book, belonging to appellee, which was used by the parties, which contained accounts and memoranda of the settlements made by them on several different occasions. Appellant offered pages fifty, fifty-one, fifty-two, fifty-five and fifty-six, in evidence, to which the appellee objected, and the court sustained the objection, and this ruling of the court is complained of. There is testimony in the record tending to show that the memoranda on the pages of this book sought to be introduced in evidence, were made by appellant in the presence of appellee and by him retained. Under the proof in the case, this evidence should have been admitted.

The lease from appellant to appellee, bearing date September 15, 1898, should not have been excluded. It had been referred to by appellee in his testimony concerning the broom-corn in controversy, upon which he sought to recover $1.05. The court permitted appellee to introduce in evidence over the objection of appellant, an account book, purporting to contain an account of the number of meals furnished by appellee to appellant, and the time furnished. This account commenced in 1889 and closed in 1897, and was contained on pages A to M, inclusive, of such account book. Appellee testifies that these entries were not made by him; that they are not the original entries; that they were copied into this book by his son, and that he had left the book containing the original entries at

home.   This book should not have been permitted to go to the jury.   The jury are told, in the second instruction given on behalf of appellee, if they believe, from a preponderance of the evidence, that the defendant used some artifice or misstatement in order to induce plaintiff to give more than was actually due him, etc.   There is no testimony tending to show he used any artifice upon which this instruction could be based.   It should not have been given.

The fourth instruction given for appellee is erroneous in that it leaves out the important element that the witness knowingly or willfully swore falsely.

The sixth instruction, given by the court in behalf of appellee, should have been refused, because the jury are directed what weight should be given the book offered in evidence.

In the seventh and twelfth instructions the jury are told that if they believe, from the evidence, that the defendant induced the plaintiff to give him a part of a certain crop of broom corn, and as a consideration therefor promised to let him stay on his farm for five years after the expiration of his then present tenancy, and if the jury believe, from the evidence, that said promise was not in writing, and was not to be performed within a year, then, under that state of the proof, the said promise could not be enforced, etc. There was no plea filed setting up the statute of frauds, and these instructions should not have been given.

The tenth instruction should not have been given.   By this instruction the jury are told:   " As a matter of law the court instructs you that the only way of settling a claim or demand of one man against another, is by payment in full of the same; and in this case, if the defendant claims he has paid any of the demands, it is incumbent upon him to so prove by a preponderance of the evidence."

This instruction does not announce a correct proposition of law and is misleading.

The fifteenth, seventeenth and eighteenth instructions, given on behalf of appellee, are substantially the same.   In these instructions the jury are told that, although they may

Gorman v. The People.

believe, from the evidence, that the plaintiff and defendant had numerous settlements of their accounts in the last three or four years, and although the jury may believe, from the evidence, that the plaintiff did not charge the defendant at the time for the board and lodging of the defendant, yet, if the jury believe, from a preponderance of the evidence, that the plaintiff actually furnished board and lodging to the defendant, or his hands, at his request, and that such board and lodging has never been paid, then and in that state of the proof it would be the duty of the jury to find for the plaintiff. The law is not correctly stated in these instructions as regards settlements between parties. " As a general rule a strong presumption arises that a settlement of accounts between parties embraces all the items each has against the other that are due, and this presumption is so strong that it devolves upon the party asserting the contrary to prove that the item was not due; or that it was, by consent of the parties, omitted from the settlement; or that it was omitted by accident, or unintentionally by the party claiming it." Straubher et al. v. Mohler, 80 Ill. 21.

These instructions are right in the teeth of this well settled rule of law, and should not have been given.

This cause is reversed and remanded.