### EDWARD R. BEEBE

*v*

### AARON W. SMITH.

*Opinion filed February 21, 1902.*

DEBTOR AND CREDITOR—*creditor may overcome presumption that all items of indebtedness were included in general settlement.* A creditor asserting that a particular item of indebtedness was not included in a general settlement between the parties may overcome the presumption that it was included by proving it was not due at the time of the settlement.

*Beebe* v. *Smith,* 96 Ill. App. 363, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Iroquois county; the Hon. R. W. HILSCHER, Judge, presiding.

W. E. LEWIS, MORRIS & HOOPER, and PAYSON & KESSLER, for appellant.

KAY & KAY, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

Appellee brought an action of assumpsit against the appellant in the circuit court of Iroquois county to recover an alleged indebtedness of $2000. The defense relied upon was a prior settlement of all accounts of indebtedness between the parties and a balance agreed upon as due the plaintiff, for which a note and mortgage security were at the time given. The verdict of the jury and judgment of the circuit court were for the plaintiff in the sum claimed, with interest thereon. The defendant appealed to the Appellate Court for the Second District, but the judgment below was there affirmed, and he now brings the case to this court.

Two errors of law are here assigned: First, that the trial court erred in refusing to give one of the instructions asked on behalf of the defendant; and second, in excluding certain testimony offered by him.

Counsel for appellee have argued the case in this court as though it was a hearing in the Appellate Court,—if, indeed, they have not filed substantially the same brief used in that court. An extended discussion and review of the evidence serve no purpose in this court except to confuse, rather than enlighten, the issues.

The plaintiff was the father-in-law of the defendant, his wife having previously died. Defendant had, from time to time, borrowed considerable sums of money of the plaintiff, giving his notes therefor, with his mother, and sometimes his brother, as security. Between November, 1895, and February, 1896, the plaintiff furnished him $2000 in money with which to purchase corn to be cribbed upon the land of the defendant in the village of Claytonville. No note or other evidence of indebtedness was given for that money, except a bill of sale for the corn, which provided that defendant was to have the money while it remained invested in the corn. On the 22d day of April, 1897, the parties met at the house of the plaintiff and made a settlement, the result of which was, that the defendant was found to be indebted to the plaintiff in the sum of $6235, for which he gave his note, due in five years, secured by mortgage on one hundred and sixty acres of land in said county. It is the contention of the appellant that that settlement included this $2000, while the plaintiff insists that it was not taken into consideration at all. This issue of fact is the only question in the case, and upon it the evidence is in irreconcilable conflict. Unless, therefore, there was some error in the rulings of the court below calculated to lead the jury to the verdict which it found in plaintiff's favor the judgment of the Appellate Court must be affirmed.

The second instruction asked by the defendant, and refused, was as follows:

"The court instructs the jury that if you believe, from the evidence, that on or about the 22d day of April, 1897, the plaintiff and defendant met together and looked over their accounts for the purpose of settling the same, and that they settled and agreed upon a balance due, then the law will presume that such settlement embraced all the items each had against the other that were then due, and in such a case it devolves upon the party asserting the contrary to prove, by a preponderance of the evidence, that any item or items omitted were omitted by consent of the parties, or by accident, or unintentionally, or by the fraud of the other party."

It is insisted by counsel for the appellant that this instruction announces a correct rule of law, as decided in *Straubher* v. *Mohler*, 80 Ill. 21. Without deciding that the facts stated in the first sentence of the instruction are sufficient to shift the burden of proof upon the plaintiff, as stated in the last sentence, we think the instruction, as a whole, was misleading and erroneous, in that it casts the burden upon the plaintiff to prove, by a preponderance of the evidence, that the $2000 indebtedness was omitted in that settlement either by consent of the parties, or by accident and unintentionally, or by the fraud of the other party. The party asserting that an omitted item of indebtedness was not included in a general settlement may overcome the presumption that it was included by proving that such item was not at that time due. (*Straubher* v. *Mohler, supra.*) The evidence in this case shows that the $2000 of money furnished the defendant was not a general loan, but was to be invested in a particular way, and re-paid upon a sale or other disposition of the corn. On the 22d of April, 1897,—the date of the settlement,—the corn still remained in cribs on the defendant's land and was not disposed of until some time thereafter, so that the evidence at least tended to show

that the indebtedness sued for was not due at that time. The instruction was therefore properly refused.

There was no error in the rulings of the court upon the exclusion of evidence. The plaintiff testified that on several occasions after the settlement he had requested the defendant to pay this money or to pay the interest upon the same. The defendant did not deny the conversations, but testified that they related to the $6235 indebtedness, and not to the $2000. On cross-examination of the plaintiff he was asked the question, "Did you not ask him for interest on this $6235 note?" and he answered, "No, sir." Counsel for the defendant then propounded to defendant the question, "Did the plaintiff, Mr. Smith, ever ask you for interest on the $6235?" to which an objection was interposed and sustained. They also sought to prove by him that he had had conversations with the plaintiff in which he asked for additional time, but that such conversations related to the payment of interest on the mortgage indebtedness, which was also excluded. It will be seen that in neither of these offers of testimony was it proposed to prove the whole of any particular conversation testified to by the plaintiff, or to show that the reference to the mortgage indebtedness was in the same conversation spoken of by the plaintiff. We think the offered evidence was clearly incompetent. Manifestly, the fact that conversations between the parties may have been had about the mortgage indebtedness would not prove or tend to prove that they had not also independent conversations about the $2000 debt. The objection to the questions asked the defendant is, that they do not in any way limit the statements that he was interrogated about, to the conversations testified to by the plaintiff. We find no errors of law in the record.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*