## MILLS *vs.* GERON.

1. When two persons account together, and one gives a due bill for the balance found against him, the legal presumption is, that this balance is the true one; but this presumption may be rebutted by proof, and either party may show that the balance so found was struck on a partial accounting, and may sue upon and enforce a contract outside of the settlement, on showing that it was not a part of it nor included in it.
2. In assumpsit to recover the discount on depreciated bank notes received by plaintiff from defendant, on a settlement had between them, parol proof is admissible to show that, at the time of the settlement, defendant promised to pay this discount, although he gave his due bill for the balance found against him estimating them at par.

ERROR to the Circuit Court of Madison.

Tried before the Hon. THOMAS A. WALKER.

ASSUMPSIT by Jehu W. Geron against John F. Mills, for the recovery of a certain sum of money alleged to be due and owing to plaintiff, under the following state of facts, as disclosed by the bill of exceptions:

In 1839, the defendant was indebted to the plaintiff in the sum of $2858, by promissory note dated October 28, 1839, and payable one day after date; on this note, the sum of $350 was paid on the 10th August, 1841, and the further sum of $500, on the 14th of January, 1842; on the 15th June, 1842, defendant made another payment of $2253, in notes of the Bank of the State of Alabama and its branches, leaving a balance due on the note of $347 $\frac{60}{100}$; this balance was settled at the same time, by defendant's giving to plaintiff's agent, who made the settlement with defendant, a horse valued at $147 $\frac{60}{100}$ and his due bill for $200; the original note was then given up, and the due bill was also paid before the commencement of this suit.

Plaintiff introduced his said agent as a witness, who testified that, when the last payment was made on said original note, the Bank notes with which payment was made were at 17½ per cent. discount; that he objected to receiving them at par, and refused to take them unless defendant would pay the discount, to which defendant replied, that he would do

what was right. The defendant moved to exclude from the jury the latter part of this testimony, as to defendant's promise to pay the discount on said notes, on the ground that its effect was to contradict the contract between the parties on their said settlement, as evidenced by said due bill; but the court overruled the motion, and the defendant excepted.

The action is brought to recover this discount on the depreciated notes; and the ruling of the court below in admitting the parol proof of defendant's promise to pay it, is the only error assigned in this court.

C. C. CLAY, Jr., and J. W. CLAY, for plaintiff in error, cited Cole v. Spann, 13 Ala. 537; 2 Metcalf 157; 4 Pick. 444.

BRICKELL & CABANISS, contra, cited Garrow v. Carpenter, 1 Porter 373; 3 Phillips on Evidence, 1473; 1 Greenleaf on Evidence, 353.

GIBBONS, J.—We do not think that the question presented falls within the rule invoked by the plaintiff in error for its government. The due bill, and the contract here sought to be recovered upon, are entirely consistent with each other. They can both stand, without impugning the one upon the other; neither are they repugnant. The contract here sued upon seems to be entirely outside of the due bill, and in no way connected with it, except that the due bill was given for a balance still remaining due on the note, while the contract on which the suit is brought grew out of the payment of certain bank bills, in extinguishment of another portion of the same note for the extinguishment of which the due bill was given. We know of no principle of law which prevents a party from making as many contracts as he pleases, in relation to the payment of any particular note that he may hold. It is true, when two parties account together, and one passes a due bill to the other for a balance found, the legal presumption is, that this balance is the true one between them; but this presumption may be rebutted by proof, and it is entirely competent for either to show, by proof, that the balance so found was struck upon a partial, and not a general accounting between them. After such settlement, either one may sue

upon and enforce a contract outside of the settlement, on show-ing that it was not a part of or included in it.

Let the judgment of the court below be affirmed.