CHRISTOPHER C. ROWELL v. STEPHEN D. MARCY.

*Practice.    Accord and Satisfaction.    Usurious Interest.*

A party cannot present his open account alone, and put his claim exclusively upon it, thereby abandoning or repudiating a settlement involving such account, and take the chances of a trial before a referee on that basis, and afterwards, in court, resort to the settlement to enlarge his recovery.

The plaintiff sought to recover a balance of $58 which he claimed to have been found due him on settlement, and also to recover $40 paid to the defendant in said settlement as usurious interest. *Held,* that it could not be assumed that the defendant would have agreed upon a balance of $98 instead of $58 if the plaintiff had refused to allow the $40, and thus, upon that assumption, enable the plaintiff to recover $98 as upon an account stated.

Although parties mutually intend that the payment of a balance found due on settlement shall settle everything between them, yet it will not have that effect as to usurious interest previously paid, and which was not in fact reckoned in the settlement, nor in dispute between them.

GENERAL ASSUMPSIT, with counts for board and lodging, and the hire of horses and carriages.    Pleas, the general issue, accord and satisfaction of the board and lodging and hire of horses and carriages, and offset.

The case was referred, and the referee reported the following facts :

" The plaintiff submitted and claimed to recover upon the account hereto annexed marked ' A.'    The defendant submitted and claimed to recover upon the account hereto annexed marked ' B.'    The referee finds that the defendant, previous to the first day of January, 1868, during the summer and fall of 1867, boarded with the plaintiff at intervals, as he found it convenient, to the amount of 184 meals ; that there was no agreement as to the price of the board ; that it was worth $3.50 per week ; that after the first of January, 1868, it was understood by both parties, that the defendant was to be a regular boarder ; and he did remain and board with the plaintiff till the 25th of May, 1868, amounting to 411 meals.    It appeared that there had been talk between plaintiff and defendant on one or two occasions, relative to the price defendant should pay for board through the winter, and the sum of $2.50 had been mentioned ; that talk had been had relative to defendant's doing some chores and thereby receive his board at a less price than the usual price.    No definite

arrangement was made upon this subject. The defendant, during the time he boarded with plaintiff, did some chores and other work about the plaintiff's premises, which he has embodied in the account marked 'B,' all of which was collected and put in form since this suit was commenced. The referee finds that the board furnished the defendant was worth $3.50 per week; that it was tacitly understood by both parties that the defendant would do such chores and other work for the plaintiff as he chose to do, and be allowed therefor a reasonable sum in payment for his board, and in payment for such charges as the plaintiff should make for board or other things furnished the defendant; that the work thus performed was reasonably worth the average of one dollar per week during the time he boarded with the plaintiff, over and above the other items furnished the defendant and charged in the plaintiff's account, in the item of March 17, for horse and sleigh to Woodstock, and the last charge in the account, 'for services of self and family various times.' The charge made by the plaintiff for board in June, July, August, September, and October, 1868, the referee finds to have been made under no con-tract as to price, but that the charges are reasonable, and that the same was furnished the defendant.

"Relative to the charge of $60 in the plaintiff's account of Feb. 1st, 1867, 'for cash paid as extra interest,' the referee finds that the plaintiff, in the latter part of the year 1866, or early part of the year 1867, being in want of $1,000, applied to the defendant for it. The defendant agreed to furnish it, for doing which he was to receive some compensation above the legal rate of interest. The plaintiff claimed that the compensation was to be $60, and that he paid that sum to the defendant on the first day of February, the day he received the $1,000. The defendant claimed that the compensation was to be $100, and that the plaintiff paid him only $40 of that amount at the time he received the $1,000. The referee finds that the sum of $60 was paid by the plaintiff to the defendant on the 1st day of February, 1867, as a compensation for procuring and use of the said $1,000, in addition to the legal rate of interest. On the 25th of May, 1868, the morning that the defendant left the plaintiff's house as a boarder, they had some talk relative to the settlement of their matters, and it was finally agreed that there was due the plaintiff from the defendant the sum of $58; whereupon mutual receipts of that date, acknowledging the receipt of one dollar in full to balance book accounts up to date, were executed by the parties. The defendant took his receipt, and for some reason which does not appear, refused to pay the $58, and left without doing so. All the items

or amounts which were included in this settlement, did not appear before the referee. In this settlement was included the defendant's claim for the $40 additonal which he claimed of the plaintiff to make up the $100 which he claimed was to be paid to him by the plaintiff for procuring the $1,000, it being allowed in the settlement by the plaintiff as a credit to the defendant.

" The referee further finds that whatever was in dispute about the bonus, paid and unpaid, was agreed to be embraced in the settlement evidenced by said receipts ; and the referee further finds that the sum of $40 was in dispute and so settled. There was no evidence before the referee that there was any computation between the parties, or any strict, or exact, or particular, or specific accounting between them at the date of this settlement, only what appears from the receipts aforesaid, and the evidence in relation to the bonus money of $40. It did not appear that the $60 was in question at the time of settlement or previously. At the request of the counsel for the defendant, I append the following testimony of the plaintiff: ' No writing was made about the $58. That forty dollars was paid by the settlement. That paid the full bonus of $100 as he claimed. That settled every thing we had up to then, or would if he had paid the $58. Didn't offer him back the receipt he gave me.' And further, I find that to this as testified by the plaintiff, defendant did not object, except that he claimed that no $58 were to have been paid by him

" If this settlement is binding upon the parties, and the sums of money paid by the plaintiff to the defendant are payments in violation of the statute against usury, the plaintiff is entitled to recover the extra interest of $100, with interest thereon, and the balance of $58 with interest, making in all $210.14. If the settlement is binding, and the payments of the said sums are not in violation of the statute against usury, the total sum due is $75.40. If the settlement is not binding, the plaintiff is entitled to recover for board to the 25th of May, 1868, less deduction for defendant's services, with interest, $102.99 ; for board after that date, $3.70 ; and for the $60 extra interest, if paid in violation of the statute, $82.74 ; making in all $189.43. If said payment was not in violation of the statute, the total is $106.69."

The court, at the May term, 1873, BARRETT, J., presiding, rendered judgment on the report for the plaintiff, *pro forma*, for the largest sum ; to which the defendant excepted.

*C. M. Lamb*, for the defendant.

The settlement of May 25, 1868, should stand and be binding on the parties ; and the judgment on the report should have been for the sum of $58, and the interest thereon. It amounted to an accord and satisfaction ; both have adopted it. *Bryant* v. *Gale*, 5 Vt. 416 ; *Paige* v. *Perno*, 10 Vt. 491 ; *Flagg* v. *Mann*, 30 Vt. 573 ; *Babcock et als.* v. *Hawkins*, 23 Vt. 561 ; *Ellsworth* v. *Fogg & Harvey*, 35 Vt. 355 ; 3 Johns. Cas. 342 ; 2 Greenl. Ev. § 31 and notes ; Chit. Con. (8 Am. ed.) 653, 656, 657 ; 2 Parsons Cont. 130, 194, and notes ; *Boyd* v. *Hitchcock*, 20 Johns. 76. This settlement cannot be impeached. The receipts are *prima facia* of the facts therein stated. No attempt to repudiate the contract, or to show that such is not the contract and intention of the parties. No pretense of fraud. It was the intention of the parties that that settlement should be final. *Babcock et als.* v. *Hawkins, supra.*

This arrangement excludes from recovery in this suit, both items claimed to have been paid by the plaintiff as *bonus.* Whether this settlement stands or falls, the *pro-forma* judgment of the county court should be reversed. If the settlement is held good, the judgment of the court should be for the smallest sum, $58 and interest ; if void, the finding of the referee upon the facts stated in regard to the other branch of the case, furnishes the true rule of damages.

*D. C. Denison & Son* and *J. J. Wilson*, for the plaintiff.

The defendant claims that in the settlement of May 25, 1868, the usury was condoned : but the referee finds that the $60 was not in question on that settlement, and that the $40 was never paid until allowed as a credit in said settlement. *Nelson* v. *Cooley*, 20 Vt. 201 ; *Wheatly* v. *Waldo*, 36 Vt. 237. The referee leaves to the court the question as to whether the $60 and the $40 was usurious interest. Gen. Sts. p. 507, § 4 ; *Grow* v. *Allen*, 19 Vt. 540. The mere taking security for usury, is not the offence, but the *payment* of it. Referee finds that the $60 and the $40 were claimed by defendant and paid by plaintiff for the procuring *and use of* $1,000. This is paying "a greater rate of

interest than is allowed by law," and therefore under the statute, can be recovered back. *Austin* v. *Harrington*, 28. Vt 130 ; *Collamer* v. *Goodrich*, 30 Vt. 628.

The opinion of the court was delivered by

PECK, J.   The referee's report states that "the plaintiff submitted and claimed to recover upon the account hereto annexed marked A ;" and that "the defendant submitted and claimed to recover upon the account hereto annexed marked B." These accounts consist of various items of charge, nearly all of which appear to have accrued prior to the alleged settlement of May 25, 1868, by which settlement the plaintiff claims a balance of fifty-eight dollars was agreed on as due to him, and by which the defendant claimed before the referee nothing was found due to plaintiff. These specifications of the parties on which they based their claims respectively before the referee, neither of them notice the settlement, or make any claim by virtue of it, but are based entirely on the original items, independent *of*, and unaffected *by*, the settlement. The referee upon this basis has adjusted the claims of the parties, and found a balance due the plaintiff $189.-43, including interest. The plaintiff now claims more than this, and upon another basis.   He claims the balance of $58 found due him by that settlement, and claims to add to that the $40 which in that settlement he credited the defendant for arrears of usurious interest which the defendant claimed the plaintiff had agreed to pay on the $1,000 which the defendant had theretofore loaned to the plaintiff ; and also to recover $60 which he had paid the defendant before that settlement as usurious interest on that loan. The plaintiff claims to recover these two last items on the ground that usurious interest is contrary to law, and that his balance of $58 agreed on as due on the settlement, would have been $40 more, if he had not allowed defendant that sum in the settlement, and that the $60 can be recovered by virtue of the statute against usury.   On this basis it appears the balance due the plaintiff is $210.14 inclusive of interest.   This sum the plaintiff now claims to recover, and such was the judgment of the county court.   It does not appear that the plaintiff made any claim before the ref-

eree under the settlement; but on the contrary the referee states that he claimed to recover upon the account he submitted, which makes no reference to the settlement, and contains no item as the result of it. The plaintiff can not present his open account alone, and put his claim exclusively upon it, thereby abandoning or repudiating the settlement, and take the chance of a trial before the referee on that basis, and afterwards in court resort to the settlement to enlarge his recovery. The facts in relation to the settlement apparently came in before the referee incidentally, not as a ground of claim, but as affecting the plaintiff's right to recover the item of $60 in his account, which was for usurious interest which he had paid the defendant. But independent of this objection to the recovery of the $210.14, it is clear that the plaintiff is not entitled to it. The plaintiff can not, as he claims to do, hold the defendant to the payment of the $58 as the balance agreed upon as due from the defendant, and add to it the $40 he allowed the defendant in the settlement for arrears of usurious interest the defendant then claimed the plaintiff had agreed to pay him on the loan of the $1,000. It cannot be assumed that the defendant would have agreed upon $98 as the balance due instead of the $58, if the plaintiff had refused to allow the $40, and thus upon that assumption enable the plaintiff to recover $98 as upon an account stated, a sum to which the defendant never agreed; and also to recover back the $60 usurious interest which he paid before the settlement. The plaintiff must be content with the balance found due by the referee upon the open accounts which he submitted, and upon which he claimed to recover.

As the amount which the defendant introduced and claimed to recover before the referee, had no reference to the settlement, the defendant is, in this respect, in the same condition as the plaintiff; yet it is now insisted in his behalf that the balance of $58 found due the plaintiff on the settlement, should be the measure and limit of the plaintiff's recovery. But if the defendant elects to rely on the settlement, he must take it subject to the right of the plaintiff to recover back, not only the $60 usurious interest, but also the $40 usurious interest which the plaintiff paid him by crediting him that sum in the settlement. It is

suggested in argument that as to the $40, the settlement was in effect a compromise of a disputed claim, and, therefore, a bar to any action to recover it back. At the time of the settlement, there was some dispute as to the amount of usurious interest which the plaintiff originally agreed to pay, and the plaintiff yielded to the defendant's claim in that respect, but there was no dispute but that the $40 was for usurious interest, and that it was claimed and allowed as such. The defendant insists that it appears by the finding of the referee, that by the settlement, the $58, if paid, was understood by the parties to settle everything between them ; and that the settlement should have effect according to the intent of the parties, and, therefore, bar any claim of the plaintiff to recover back either the $40 or the $60, although the $60 was not mentioned or alluded to in the settlement. But there is nothing in the case to show an accord and satisfaction or re-payment of the $60 usury to the plaintiff ; and the receiving of usury being unlawful, the plaintiff can recover back what usury he had paid before the settlement, notwithstanding such mutual intent of the parties to the contract at the time of the settlement. In this view of the effect of the settlement the defendant objects to being bound by it. The settlement is to be laid out of the case, and the $40 claim thereby is rendered of no account. The rights of the parties must depend on the open accounts presented by them, and adjusted by the referee. The referee, in arriving at the result on this basis, properly allowed to the plaintiff the item of $60 in his account for usury paid by him to the defendant before the settlement.

Judgment of the county court for the largest sum is reversed, and judgment for the plaintiff for $189.43, with interest since the date of the judgment in the county court.