Bowen *v.* Bowen.

under the evidence as stated by counsel, answer to a minute, their answers were that they could not answer so accurately or so positively as the question seemed to require them to answer. We have no doubt that the jury answered the question conscientiously; and the action of the court, in discharging them from the further consideration of the question, was right and proper, as it seems to us.

The only other matter complained of by the appellant's counsel is mentioned in their brief in the following language:

"We further submit that a new trial should have been granted for each of the 28th, 29th, 30th and 32d reasons assigned for a new trial. But as this brief is already too long, we must content ourselves with simply calling the attention of the court to these reasons." This is all that counsel have said on the question presented. Under the practice of this court, and with all proper respect for the learned counsel, we think that we must content ourselves with simply saying that the questions arising under these reasons for a new trial, if there were any such questions properly saved, must be regarded as waived.

We find no error in the record of this cause for which the judgment below can or ought to be reversed.

The judgment is affirmed, at the appellant's costs.

Petition for a rehearing overruled.

———— ◆◆◆ ————

No. 7607.

BOWEN *v.* BOWEN.

CHANGE OF VENUE.—*Affidavit.*—*Statute Construed.*—Under the third clause of section 207 of the code, as amended by the act of March 5th, 1877, Acts 1877, Reg. Sess., p. 103, the affidavit of the defendant for a change of venue must specifically set forth the defence. The general

Bowen *v.* Bowen.

statement therein, "that the affiant has a good and meritorious defence to said action, as set forth in his answer," is insufficient.

JURY.—*Right to Poll.*—*Question Asked.*—*Verdict.*—The right to poll the jury, in civil actions, is expressly conferred by statute, but it must be restricted to the single question to each juror, "Is this your verdict?" and not "Is this your verdict, and are you still satisfied with it?"

EVIDENCE.—*Witness.*—*Value of Services.*—It is competent for a witness to state the value of another's services, where he has knowledge of the matter in controversy, and is acquainted with the value of services such as those rendered.

From the Carroll Circuit Court.

*J. Applegate, J. R. Coffroth* and *C. B. Stuart,* for appellant.

ELLIOTT, J.—The appellee's complaint is for work and labor performed by him for the appellant. The answer of the appellant is the general denial and payment. To the plea of payment a reply in denial was filed.

The only questions which counsel argue are those presented by the assignment based upon the ruling denying a new trial.

An affidavit was made by appellant for a change of venue from the county. The court refused to grant the change, and in this did right. The affidavit was radically defective, for the reason that it did not specifically set forth the defence of appellant. A general statement is made, "that the affiant has a good and meritorious defence to said action, as set forth in his answer." The statute requires that the "applicant shall further show by his affidavit that he has a good and meritorious * * defence, which shall be specifically set forth therein." Acts 1877, p. 103. This provision is clear and explicit, and a party is not entitled to a change of venue unless his affidavit specifically states his defence. To permit a party to evade the statute by mere general references would be to seriously impair, if not to altogether destroy, the beneficial effect of the statute.

The appellant asked to have the jury polled, and his request was granted. The court instructed the jurors, that, as

each name was called he should, if the verdict was his, respond to the question asked him, "Yes;" if it was not his verdict, he should respond to the question propounded, "No." The appellant requested the court to allow each juror to be asked, "Is this your verdict, and are you still satisfied with it?"

The right to poll the jury in civil actions is expressly conferred by statute. 2 R. S. 1876, p. 170. The common law did not recognize the right as one which a party could demand as matter of right, but regarded it rather as a privilege which might be granted or withheld, at the discretion of the trial court. *Ropps* v. *Barker*, 4 Pick. 239 ; *Commonwealth* v. *Roby*, 12 Pick. 496 ; *Commonwealth* v. *Costley*, 118 Mass. 1 ; *The State* v. *Wise*, 7 Rich. 412.

As our statute grants the right to poll the jury, we are bound to examine and determine the question made by the ruling refusing the appellant the right to propound to each juror the interrogatory, "Is this your verdict, and are you still satisfied with it?"

Counsel have not furnished us with any authority in support of their position, and we have found none. We do, however, find authority declaring a different doctrine. In *The State* v. *Bogain*, 12 La. An. 264, it was held that "The object of polling the jury is to ascertain whether the verdict, as announced by the foreman, was concurred in by all the jurors, and the inquiry should be restricted to the question, 'Is this your verdict?' " The doctrine of the case cited has received the sanction of one of our ablest and most philosophical text-writers. 1 Bishop Crim. Proced., sec. 1003. In *Labar* v. *Koplin*, 4 N. Y. 546, the language of the court is very like that used in the Louisiana case. In the case last cited, the Court of Appeals said : "The object of polling a jury is to ascertain if the verdict which has just been presented or announced by their foreman is their verdict, or in other words if they still agree to it ; not to ask them what their

verdict means, nor to question them as to their intention in finding it. This is performed by the clerk, who, as he calls over the list of jurors, asks them one by one, or by the poll, the simple question, 'Is this your verdict?' This question requires but one answer, and still embraces all the legitimate objects of polling a jury. The party has no right to dictate the manner in which a jury shall be polled, or to insist on any other question being put to them than the simple one to ascertain whether they agree to the verdict as presented."

We are satisfied that the rule declared by these cases is a sound and practical one. The question, "Is this your verdict?" asks for all the information a party is entitled to receive, and affords each juror ample opportunity to dissent, if he is dissatisfied. It is better to restrict the right to interrogate the jury to the single question stated; for, if a party be permitted to frame other questions, great abuses are very likely to result, and the practice to vary with each particular case. Wrong may be prevented by restricting the right to interrogate the jury as we have indicated, and no harm can be done the party, because the question suggested calls for an answer conveying all the information to which he has any right.

Complaint is made of the ruling allowing the appellee to ask certain witnesses the following question : "Taking the services you saw your brother rendering for the defendant, —such services as you saw him doing there,—what would you say his services were reasonably worth per month?" There was no error in this ruling. The witness is simply asked to state the value of another's services, and in this there is no invasion of the province of the jury. The principle which supports this ruling is precisely the same as that which entitles a plaintiff, in an action to recover the value of a horse, to ask a competent witness to state such value. It is always proper to prove values by witnesses who have knowledge of the matter in controversy and a proper ac-

quaintance with general values of articles or things of like-character. *Johnson* v. *Thompson*, 72 Ind. 167. The witness, in the course of his testimony, had fully stated what work he had seen the appellee do, and had shown himself acquainted with its character.

The witnesses who fixed an estimate upon the value of the services were shown to have some acquaintance with the value of services such as those rendered by the appellee. Where a witness shows himself acquainted with values, his testimony is competent. The weight of such testimony depends, in a great degree, upon the extent of the witnesses' acquaintance with such matters; but its competency is not to be determined by any such standard.

It is insisted that the court erred in refusing to permit appellant to prove what induced him to buy the hardware store in which appellee's services were performed. There was no error in this ruling.

Judgment affirmed.

Opinion filed at November Term, 1880.
Petition for a rehearing overruled at May Term, 1881.