[Filed May 24, 1887.]

J. C. NICKELSON, RESPONDENT, *v.* W. B. SMITH, APPELLANT.

JUSTICE'S COURT—VERDICT OF A JURY IN. — Where a jury returned in a Justice's Court a verdict in favor of defendant, and the same was received, and they thereupon informed the court that they intended by the verdict to find in favor of the plaintiff, and the justice then allowed them to separate to appear at another day, at which time they did appear and were allowed to render another verdict in favor of the plaintiff as originally intended, and were then discharged; *held,* (1) That the first paper filed was not their verdict, as the jury did not agree on the same as such. (2) That the second verdict was irregular, as the jury had been allowed to separate, and should be set aside and a new trial had.

APPEAL from Wasco County. Reversed.

*Dufur & Dufur,* for Respondent.

The matter in explanation set out in the docket is no part of the verdict. (Code, § 210, p. 147.)

Jury must be kept together until they agree upon a verdict. (Code, § 200, p. 146.)

There is no authority for sending the case back for trial. (Code, § 575, p. 229.)

Respondent is entitled to a judgment for $18.99 upon the original verdict.

*George Watkins,* for Appellant, filed a written argument.

STRAHAN, J.—The appellant here originally commenced an action against the respondent before W. E. McArthur, Esq., justice of the peace for Dalles precinct, in Wasco County, Oregon, to recover a balance alleged to be due him of $52.88. The defendant filed a counter-claim, amounting to $76.09, and

demanded a judgment for $24.21. Issue having been duly taken by the reply on the new matter contained in the answer, the defendant in that proceeding demanded a jury. What occurred after the evidence was closed, and the cause was argued by counsel, is fully disclosed by the record : —

"The case was then submitted to the jury, and they retired under a sworn bailiff. At about 7:30 o'clock P. M. the jury, having been out about one hour, returned into court — Geo. Watkins, Esq., one of plaintiff's attorneys, being present — and presented to the court what purported to be their verdict, a certain writing of which the following is a copy, to wit : —

"'Justice's Court for Dalles Precinct, County of Wasco, State of Oregon.

"' *Wilson B. Smith, Plff.* v. *J. C. Nickelson, Deft.*

"'We, the jury impaneled to try the above cause, find for the defendant, and assess his damages at $18.99.

(Signed,)       "'H. SOLOMON.

"'C. W. JONES.

"'G. F. SETTLEMIRE.

"'A. J. SIMMONS.

"'G. W. WERLIN.'

"Which verdict was received and filed November 27, 1885. The jury then explained in open court that they intended to allow the defendant the sum of $18.99 as a counter-claim to the plaintiff's cause of action, thereby reducing plaintiff's claim against the defendant, as set forth in his complaint, to the sum of $33.89, which amount they found that the plaintiff was entitled to recover from the defendant in this action. The paper purporting to be the verdict of the jury not being actually the verdict found by the jury, and the court not being advised what course should be pursued in the matter, continued the case until to-morrow morning, at ten o'clock A. M., for advisement. It was ordered that the jury be present at that time. In the mean while the jury were allowed to separate, but were not discharged.

"W. E. McARTHUR, Justice of the Peace."

"November 28, 1885.

"The jury all being present, and the attorneys for the plaintiff and defendant also being present, the court submitted the case to the jury, against objections of defendant's counsel; and, after deliberation, they rendered their verdict in open court, all parties in interest being present, or represented by learned counsel. The following is a copy of the verdict, to wit:—

"'In Justice's Court for Dalles Precinct, Wasco County, State of Oregon.

"'*Wilson B. Smith, Plaintiff,* v. *J. C. Nickelson, Defendant.*

"'We, the jury in the above-entitled action, find for the plaintiff, and assess his damages at $33.89 cents.

"'H. SOLOMON, Foreman.
"'G. W. WERLIN.
"'C. W. JONES.
"'A. J. SIMMONS.
"'G. F. SETTLEMIRE.'

"Which verdict was received and filed November 22, 1885. Thereupon the jury were discharged.

"W. E. McARTHUR, Justice of the Peace."

From the record of the justice it further appears that the plaintiff moved for judgment on said last-named verdict in his favor for $33.89; and the defendant at the same time moved for a judgment in his favor for $18.99, on the alleged verdict of the preceding day; and the court, after hearing the argument of counsel in favor of and against said respective motions, still being in doubt what judgment ought to be given thereon, took both of said motions under advisement. Thereafter, on the twenty-second day of May, 1886, said justice overruled the defendant's motion, and granted the motion of the plaintiff.

The defendant, having demanded a jury, had no right of appeal. (Gen. Laws, p. 478, § 120.) The defendant accordingly sued out a writ of review, and removed the record of the justice into the Circuit Court. That court annulled the judgment of the justice, and remanded the cause for a new trial,

from which last-named judgment this appeal is taken.   Numerous errors are assigned in the notice of appeal.   The only errors material to be considered are those relating to the action of the court in reversing the judgment of the justice, and in remanding the cause for a new trial.

*Verdict of jury in Justice's Court.*   The first question which naturally presents itself here for our consideration is, which of the two papers presented by the jury to the justice is their verdict?

Section 7, page 463, General Laws, provides, in substance, for the same course of procedure in a Justice's Court as prevails in a court of record, "except as in this act otherwise specially provided."   Section 210 of the Civil Code, thus made applicable, provides: "When the verdict is given, and is such as the court may receive, *and if no juror disagree,* or the jury be not again sent out, the clerk shall file the verdict.   The verdict is *then* complete, and the jury shall be discharged from the case.   The verdict shall be in writing, and, under the direction of the court, shall be substantially entered in the journal as of the day's proceedings in which it is given."

Now, it is too plain for argument that the first paper signed by the jury and delivered to the justice, though in form a verdict, did not contain or embody the result of their deliberations. As a verdict every juror did object to it at the time, or, in the language of the section quoted, "disagreed."   It then became the duty of the justice to send them out again, to enable them to put the verdict in such form as would give legal effect to the result of the trial.   In *Warner* v. *New York Cent. R. R. Co.* 52 N. Y. 437, it was held that the announcement of a verdict, or the bringing in of a sealed verdict by a jury, and the entry thereof by the clerk in his book of minutes, is not such a recording as makes the verdict fixed and unalterable; but, until the jury are dismissed, their power over the verdict, and their right to alter it so as to make it conform to their real and unanimous intention and purpose, continues.   And to the same effect is *Dalrymple* v. *Williams,* 63 N. Y. 361.

This view of the subject disposes of the defendant's claim that

the paper purporting to be a finding in his favor was to be treated as the verdict, and it results as a necessary consequence that the court had the power to allow the jury to put their finding in such form as would be according to their real and unanimous intention and purpose.

*Jury not allowed to separate.* But when should this power have been exercised? Must it be done at the time the disagreement was made known to the court, and before the jury were allowed to separate, or might it be done at some indefinite time in the future, when it would be convenient for the court to call the jury together for that purpose? Or, in other words, could the court, without the consent of the parties, allow the jury to separate after the cause had been submitted to them, and then bring them together again, against the protest or objection of either party, and receive their verdict? Such a practice does not appear to be in accordance with the plain requirements of the statute of this State. The Civil Code, section 200, provides: "After hearing the charge, the jury may decide in the jury-box, or retire for deliberation. If they retire, they must be kept together in a room provided for them, or some other convenient place, under the charge of one or more officers, until they agree upon their verdict, or are discharged by the court. The officer shall, to the utmost of his ability, keep the jury thus together, separate from other persons, without drink, except water, and without food, except ordered by the court. He must not suffer any communication to be made to them, nor make any himself, unless by order of the court, except to ask them if they have agreed upon a verdict. . . . ."

We think it was an erroneous exercise of the judicial functions of the justice to allow the jury to separate without the consent of the parties, and to permit them, on the next or some subsequent day, to return and complete their verdict against the objections of either party. Such a practice, if permitted, is liable to great abuse, and we think we ought to give full effect to the requirements of the section above quoted. The justice had ample power to permit the jury to put their verdict in proper form at the time of the disagreement. He could have

sent them out for further deliberation, or they could have then decided in the jury-box; but the practice of allowing a jury to separate after a cause has been submitted, and without the consent of the parties, would be clearly in contravention of our statute. The verdict of the jury was therefore irregular—not void—and must be set aside, and a new trial directed before the justice. The conclusions of the Circuit Court seem to be in harmony with these views, and its judgment must therefore be affirmed.