Filed Jan. 12, 1892.

---

## No. 14,809.

## LINVILLE ET AL. *v.* THE STATE, EX REL. BOARD OF COMMISSIONERS OF DELAWARE COUNTY.

COUNTY COMMISSIONERS.—*Construction of Free Gravel Road.*—*Action on Contractors' Bond.* — *Settlement with Board.*—*Effect.*— Where a board of commissioners lets a contract for the construction of a free gravel road, selects a competent engineer to see that the work is performed according to such contract, and, after determining that the work is completed according to the contract, accepts the same, and settles with the contractors, the settlement is conclusive, and no action can be maintained upon the contractors' bond for an alleged breach thereof so long as the settlement with the contractors remains in force and unimpeached.

From the Delaware Circuit Court.

*W. W. Orr*, for appellants.

*J. W. Ryan*, for appellee.

COFFEY, J.—The facts in this case, so far as they are necessary to an understanding of the vital question presented

for our decision, are that at the December term, 1883, of the board of commissioners of Delaware county a petition was filed praying for the improvement of a public highway, making it 'a free gravel road under the provisions of our statute upon that subject. Such proceedings were had, under the petition, that the contract for the improvement asked was let to the appellants, Linville and Linville. For the performance of the work according to the terms of the contract, Linville and Linville executed a bond with the other appellants herein as their sureties. The contractors entered upon the work under the personal supervision of a superintendent, who was the county surveyor and a competent engineer, and proceeded with it until such time as they claimed it was completed according to the terms of the contract. As the work progressed the superintendent made partial estimates, which were allowed and paid. When the work had been completed, as claimed by the contractors,· they so notified the board of commissioners and superintendent and engineer, when it was inspected and accepted. The engineer made a final estimate, filed it with the board of commissioners of Delaware county, who allowed it, and the contractors were paid in full according to the terms of their contract.

This action was brought by the State on the relation of the board of commissioners of Delaware county, on the bond of the contractors, to recover damages for an alleged breach of the bond in failing to perform and complete the work according to the terms of the contract. No allegation is found in the complaint to the effect that there was any fraud, mistake or other illegality in the settlement between the contractors and the board of commissioners of Delaware county.

Objections are made to the rulings of the circuit court on demurrers to the several pleadings in the cause, but, as we have reached the conclusion that this action can not be maintained under the issues as they are formed, we need not encumber this opinion by a consideration of these objections.

The law favors the settlement of business transactions by the parties, and when they make such settlements they will be held bound thereby in the absence of fraud or mistake or other illegality. A voluntary settlement of accounts between parties affords a presumption that all items properly chargeable at the time were included. This presumption is not conclusive, but clear and convincing proof that such items were unintentionally omitted is necessary to sustain a subsequent claim to recover them. American and English Encyclopædia of Law, Title "Account;" *Bull* v. *Harris,* 31 Ill. 487 ; *Lee* v. *Reed,* 4 Dana (Ky.), 109 ; *Kennedy* v. *Williamson,* 5 Jones L. (N. C.) 284 ; *Stebbins* v. *Niles,* 25 Miss. 267; *Leighton* v. *Grant,* 20 Minn. 345 ; *Rowell* v. *Marcy,* 47 Vt. 627 ; *Lockwood* v. *Thorne,* 18 N. Y. 285 ; *McNeel* v. *Baker,* 6 W. Va. 153.

A settlement of accounts will, generally, be deemed conclusive between the parties, unless some fraud, mistake, omission or inaccuracy is shown. *Ruffner* v. *Hewitt,* 7 W. Va. 585 ; *Farmer* v. *Barnes,* 3 Jones Eq. (N. C.) 109 ; *Bourke* v. *James,* 4 Mich. 336 ; *Mills* v. *Geron,* 22 Ala. 669.

Such settlement will not be opened for a clerical error which does not affect the result, nor where the party complaining was aware of the facts at the time he made the settlement. *Wilson* v. *Frisbie,* 57 Ga. 269 ; *Quinlan* v. *Keiser,* 66 Mo. 603.

In cases of the class to which this belongs the board of commissioners is, in a sense, the agents of those whose lands are assessed for the improvement, for the purpose of letting the work, and they are charged with the duty of selecting a competent engineer and superintendent to see that the work is performed according to the contract, and to receive and pay for the same out of the funds in its hands for that purpose.

In this case the board of commissioners performed that duty, and, after determining that the work was done according to the contract, it settled with and paid the contractors. It is

not claimed that there was any fraud or mistake, either in the acceptance of the work or in the settlement, and, if the board had power to make such settlement, it is binding, according to the authorities above cited, on all the parties.

It is contended, however, that the board of commissioners had no power to dispense with the performance of any part of the contract, and, as a result, it could not accept the work as completed, unless it was in fact performed according to the terms of the contract.

We do not think the case involves the question of the power of the board of commissioners to dispense with performance of any part of the contract, but the question is whether they had power to determine whether the contractors had in fact performed the contract. Certainly it was not the intention of the Legislature to leave that question to the persons whose lands are to be assessed, as they are generally very numerous, and the inconvenience of having them each inspect the work would be very great. We do not think the law contemplates that those assessed shall perform any such duty ; but we are of the opinion that the board of commissioners, which represents them, shall perform the duty, and when it determines that the work is completed, it is its further duty to settle with and pay the contractor. If it does not possess such power, then the surety on the bond can never know when his obligation is at an end. If he had taken collateral security as an indemnity, he would not be safe in surrendering it until the statute of limitations had barred a right of action on his bond. We do not think the Legislature intended to leave the matter of constructing free gravel roads in this loose and unsatisfactory condition ; but, on the contrary, that it intended to confer on the board of commissioners the power to accept and settle for such highways, when, in its judgment, the contract had been performed.

The funds arising from the sale of bonds are under the control of the board of commissioners for the purposes named in the statute, and the power to settle with the contractor and

pay out the funds is, we think, clearly to be inferred from the terms of the act providing for the building of free gravel roads.

Having reached this conclusion, it follows that no action can be maintained upon the bond so long as the settlement with the contractors remains in force and unimpeached.

Judgment reversed, with directions to grant a new trial.

Filed Jan. 28, 1892.