## State Life Insurance Company *v.* Postal.

[No. 5,995.   Filed April 3, 1908.   Rehearing denied June 12, 1908. Transfer denied January 15, 1909.]

1. Accounts.—*Stated.*—*Avoidance of.*—Accounts stated presumptively settle the matters in controversy between the parties thereto, but they may be impeached for fraud, illegality, or by showing clearly that contested items were unintentionally omitted therefrom.   p. 146.

2. Pleading.— *Answer.*— *Account Stated.*— *Reply.*— *Statute of Frauds.*—*Contracts.*—A reply of the statute of frauds can be pleaded to an answer of an account stated, the legality of such account stated being thereby questioned.   p. 147.

3. Trial.—*Instructions.*—*Principal and Agent.*—*Commissions.*—Instructions that if the agent contracted to write insurance on a commission the jury should find for him if the insurance premiums had been paid in cash to the company, or if premiums had been paid in notes, and he had turned the notes over to the company, and it had collected same, are correct and do not proceed upon two inconsistent theories.   p. 147.

4. Trial.—*Verdict.*—*When Beyond Control of Jury.*—Until a verdict is returned into court, received, recorded and the jury discharged, such jury has control over its unsealed verdict.   p. 149.

5. Trial.—*Verdict.*—*Polling Jury.*—*Questions Permissible.*—Where the court, on request by the cross-complainant for a polling of the jury, propounded the two questions, "Is this your verdict?" and "Are you still satisfied with the verdict?" whereupon one of the jurors expressed his dissatisfaction, and they were directed to retire for further deliberations, and afterward returned a different verdict, at which they all expressed satisfaction, reversible error is not shown.   pp. 149, 152.

6. Trial.—*Polling Jury.*—The right of a party to demand a poll of the jury did not exist at the common law, but does by statute (§570 Burns 1908, §544 R. S. 1881).   p. 150.

7. Trial.—*Polling Jury.*—*Purpose.*—To poll a jury imports a questioning thereof to determine whether the verdict returned is satisfactory; and no form of questioning is prescribed therefor.   p. 151.

From Blackford Circuit Court; *John M. Smith,* Special Judge.

Cross-complaint by John S. Postal against the State Life Insurance Company. From a judgment for cross-complainant, defendant appeals. *Affirmed.*

*Robert W. McBride, Charles F. Coffin, H. S. McMichael* and *Dailey, Simmons & Dailey,* for appellant.

*W. H. Eichhorn, E. C. Vaughn, George A. Matlack* and *J. A. Hindman,* for appellee.

HADLEY, P. J.—Cross-complaint by appellee against appellant for unpaid commissions claimed to be due appellee as soliciting agent of appellant based on a written contract with alleged oral modifications. The cause went to trial on a second amended cross-complaint by appellee in three paragraphs, a general denial and four affirmative paragraphs of answer by appellant, a reply of general denial and four affirmative paragraphs of reply by appellee. Appellant demurred to each paragraph of the second amended cross-complaint and to each of appellee's four affirmative paragraphs of reply. All demurrers were overruled by the court, and the cause was tried on the issues formed by said amended cross-complaint, the answers thereto and the replies. The jury first returned a verdict against appellee upon his cross-complaint and against appellant on the answers thereto. Upon being required to return to the jury room for further deliberation, the jury returned a verdict for appellee in the sum of $1,550. Appellant moved for judgment on the verdict first rendered, and for a new trial, which motions were overruled.

Appellant assigns as error:   (1) The overruling of its demurrer to the second paragraph of appellee's reply;   (2) overruling its motion for a new trial;   (3) the action of the court relative to the poll of the jury, in requiring further deliberation by them, in accepting the

second verdict consequent on such further deliberation, and overruling appellant's motion for judgment on the original verdict.

Appellant's second and third paragraphs of answer pleaded an account stated as a set-off to the claim of appellee in the cross-complaint. It is conceded that appellee's second paragraph of reply to appellant's second and third paragraphs of answer is a plea of the statute of frauds thereto, in that the alleged promise to pay the stated account was a promise, not in writing, to pay the debts of other persons, that arose out of transactions with said other parties, wherein appellee acted solely as agent for appellant. §7462 Burns 1908, cl. 2, §4904 R. S. 1881.

It is urged that the court erred in overruling appellant's demurrer to this paragraph of appellee's reply, and the only reason given for this contention is that no defense

1. can be pleaded to a suit on an account stated except that of fraud, mistake and subsequent payment. We have examined a very great many authorities upon this question, and find many different rules of law laid down with reference to accounts stated. A review of these authorities would not be profitable or enlightening if made here, as the rule seems to be settled in this State, in the case of *Linville* v. *State, ex rel.* (1892), 130 Ind. 210, where the court say: ''The law favors the settlement of business transactions by the parties, and when they make such settlements they will be held bound thereby in the absence of fraud or mistake or other illegality. [Further, quoting from 1 Am. and Eng. Ency. Law, p. 109, the court say:] 'A voluntary settlement of accounts between parties affords a presumption that all items properly chargeable at the time were included. This presumption is not conclusive, but clear and convincing proof that such items were unintentionally omitted is necessary to sustain a subsequent claim to recover them. * * * *Bull* v. *Harris* [1863], 31 Ill. 487; *Lee's Admrs.* v. *Reed* [1836], 4 Dana (Ky.) *109;

*Kennedy* v. *Williamson* [1858], 5 Jones (N. C.) 284; *Stebbins* v. *Niles* [1852], 25 Miss. 267; *Leighton* v. *Grant* [1874], 20 Minn. 345; *Rowell* v. *Marcy* [1874], 47 Vt. 627; *Lockwood* v. *Thorne* [1858], 18 N. Y. 285; *McNeel* v. *Baker* [1873], 6 W. Va. 153.' "

As the defense interposed by the reply in this case presented the question of the legality of the promise, it came within the rule laid down in the authorities before cited, and the demurrer thereto was properly overruled.

It is next insisted that the court erred in giving, at the request of appellee, instruction two and also in giving, of its own motion, instruction three.

Instruction two was to the effect that if the jury found from the evidence that appellee entered into the employ of appellant to solicit life insurance, and was to receive certain commissions on the first year's premiums on all insurance written by him, and that said commissions were not to be paid except as such premiums were paid in cash, and that appellee did procure such insurance, and that the first year's premiums thereon had been so paid to appellant, and appellee's commissions thereon had not been paid to him, under such circumstances appellee was entitled to recover such commissions so remaining unpaid. The third instruction was to the effect that if the jury found from the evidence that appellee, with the consent of appellant, accepted notes for first year's premiums on policies to be issued by appellant, and turned such notes over to appellant for collection, and unless the jury further found that appellant accepted such notes so turned over to it in lieu of cash settlement of such premium, then the appellee was entitled to recover the commission agreed upon, only upon such amounts as had been collected by or paid to appellant on such notes. Appellant contends that these two instructions exhibit and proceed upon two inconsistent theories. We do not so un-

derstand them. One applies to cases where the first year's premium had been paid in cash, the other to cases where notes had been given. It is not claimed that either of the instructions are inapplicable to the evidence or outside the issues. Neither the cross-complaint nor substance thereof is set out in the briefs, and we assume the issues and evidence warranted the instructions. It would certainly not be inconsistent for appellee to seek to recover commissions due on premiums paid in cash directly to him, and commissions due on premiums collected on notes for premiums, which appellee had turned over to appellant for collection. The instructions are not subject to the objections raised.

It also appears that the jury, after retiring, returned into open court a verdict as follows: "We, the jury, find for the plaintiff, State Life Insurance Company, and against said defendant, John S. Postal, on the issues joined on said cross-complaint of said John S. Postal, and we further find for said defendant, John S. Postal, and against said State Life Insurance Company on the issues joined on the answers of said State Life Insurance Company." This verdict was read to the jury, and the usual general questions— "Is this your verdict?" and "So say you all?"—were propounded to the foreman and jury, to which they all gave assent. Then, upon request of appellee, the jury were polled, and the questions, "Is this your verdict?" and "Are you still satisfied with your verdict?" were propounded by the clerk to each juror as his name was called. It does not appear from the record that either of said questions was suggested or requested by appellee, his request being for the polling of the jury only. And we presume they were asked by direction of the court on its own motion. To the first question each juror answered in the affirmative; but to the second, eleven answered in the affirmative and one in the negative. Appellee then moved that the court require the jury to return to the jury room for further deliberation, which was accordingly done, and it afterwards re-

turned into court its verdict, finding for appellee, which verdict was received, recorded and judgment rendered thereon. Appellant made proper and timely objections to the propounding of the second question to the jury, and all succeeding steps, so as properly to save and present all questions arising upon the court's rulings and actions in that behalf.

The authorities agree that until the verdict is actually agreed upon, returned into and received by the court, recorded, and the jury discharged from its consideration, the jury has control over it, and may withdraw, amend or change it as it may decide, except in cases of sealed verdicts, where the jurymen have dispersed. In such cases, however, it is held by some authorities that the jury may, upon reassembling, change or annul its verdict, though it may not render a new verdict. *Wightman* v. *Chicago, etc., R. Co.* (1888), 73 Wis. 169, 40 N. W. 689, 9 Am. St. 778, 2 L. R. A. 185; *Labar* v. *Koplin* (1851), 4 Comst. (N. Y.) *547; *Root* v. *Sherwood* (1810), 6 Johns. *68, 5 Am. Dec. 191; Proffatt, Jury Trials, §456; *Nickelson* v. *Smith* (1887), 15 Ore. 200, 14 Pac. 40. This has been the rule for centuries. *Saunders* v. *Freeman* (1562), 1 Plow. 209; *King* v. *Melling* (1698), 5 Mod. 349.

But it is contended that the court erred in permitting the question, "Are you still satisfied with the verdict?" to be asked the jury, and the case of *Bowen* v. *Bowen* (1881), 74 Ind. 470, is cited in support of this contention, in which case, however, the Supreme Court held it was not error for the court to refuse to permit such a question to be put, the court saying that the question, "Is this your verdict?" was all the party had the right to ask. But we do not consider that this is an authority for holding that if the court, in exercise of its discretion in such matters, permits such a question to be put, that such action is reversible error, unless it is clearly shown that the rights of a party were prejudiced thereby. Each party to the litigation was entitled to a verdict that satisfied the conscience

of each member of the panel at the time it was presented in open court. The question objected to did not call for an explanation of the verdict or the reasons for returning it. When it was disclosed in any manner, before the verdict was fully received and recorded, that the verdict returned did not meet the approval of the whole panel, it became a nullity; and, if the jury was still in the box, we can see no reasonable objection to its being sent back for further deliberation, and its subsequent verdict received and acted upon as its final determination.

The court did not indicate in any manner that the verdict first returned did not meet its approval, or that the jury was not at full liberty to return the same verdict after further deliberation. The verdict finally returned appears to have been the result of such further deliberation, and to satisfy the conscience of each member of the panel. The court, therefore, did not err in receiving it and entering judgment upon it.

Judgment affirmed.

## ON PETITION FOR REHEARING.

HADLEY, J.—Upon petition for a rehearing, counsel for appellant have most ably and earnestly argued that we are in error in holding that the trial court did not err in permitting the second question—"Are you still satisfied with your verdict?"—to be propounded upon the poll of the jury. Polling the jury is but a means of obtaining the sense, in open court, of each individual juror, as to the correctness of the verdict rendered. *McClaren* v. *Indianapolis, etc., R. Co.* (1882), 83 Ind. 319; *Joy* v. *State* (1860), 14 Ind. 138.

The absolute right of either party to poll a jury did not exist at common law; but the exercise of the right was left to the sound discretion of the trial judge. *Doyle* v. *United States* (1881), 11 Biss. 100. By our statute this right is made absolute, the language of the stat-

ute (§570 Burns 1908, §544 R. S. 1881) being: "either party may poll the jury." These words are evidently used in a technical sense, and, in construing them, must be given a technical meaning. §240 Burns 1908, cl. 1, §240 R. S. 1881.

To poll a jury is to call the names of the persons who compose it, and require each man to declare his verdict before it is recorded. Anderson's Law Dict. To poll a jury is to require that each juror shall himself declare what is his verdict. Bouvier's Law Dict. The statute does not prescribe the form of the question to be propounded. Therefore any form of words that, in a concise manner, would elicit the information warranted under the limitations of the foregoing definitions would meet the requirements of the statute and accord the party all of his rights thereunder; the purpose of the poll being to enable the jurors to avail themselves of the *locus poenitentiae* and correct a verdict mistakenly reached, or about which, upon further reflection, they have doubt. *Blackley* v. *Sheldon* (1810), 7 Johns. (N. Y.) *32; *Root* v. *Sherwood* (1810), 6 Johns. (N. Y.) *68, 5 Am. Dec. 206.

It has been a fundamental principle of the law from the time of the inauguration of the jury system to allow the jury all reasonable opportunity, before their verdict is recorded and they are discharged, to declare the truth according to their consciences. And the object of the poll is to give the juror an opportunity to declare in open court his judgment *in praesenti*. 3 Blackstone's Comm., *377; *Anonymous* (1562), 2 Dyer 204b; *Saunders* v. *Freeman* (1562), 2 Dyer 209a; *Watts* v. *Brains* (1601), Cro. Eliz. 779; *Commonwealth* v. *Roby* (1832), 12 Pick. 496; *Adkins* v. *Blake's Admrs.* (1829), 25 Ky. *40; *Perry* v. *Mays* (1831), 2 Bailey (S. C.) 354; *Lawrence* v. *Stearns* (1831), 11 Pick. 501; *Weeks* v. *Hart* (1881), 24 Hun 181; *Campbell & Jones* v. *Murray* (1878), 62 Ga. 86; *Martin* v. *Morelock* (1863), 32 Ill. 485; *Scott* v. *Scott* (1885), 110 Pa. St. 387, 2 Atl.

531; *Labar* v. *Koplin* (1851), 4 Comst. (N. Y.) *547. In the case last cited the court say: "It is decided to be the absolute right of a party to have the jury polled on their bringing in their verdict, whether it be sealed or oral, unless he has expressly agreed to waive that right. The object of polling a jury is to ascertain if the verdict which has just been presented or announced by their foreman is their verdict, or in other words if they still agree to it; not to ask them what their verdict means, nor to question them as to their intention in finding it."

This being the intent and purpose of the law, the exact form of the question to be propounded would seem immaterial so long as the answers pertinent thereto are in exact line with such intent and purpose. This is illustrated by the fact that the form of the question varies in different jurisdictions as well as in different courts of the same jurisdiction, although all agree upon the purpose and limitations of the poll. The one in most common use is the simple question, "Is this your verdict?" Several cases hold with *Bowen* v. *Bowen* (1881), 74 Ind. 470, that this covers the whole scope of the inquiry, and is all that a party has a right to ask. And while we are unqualifiedly of the opinion that it is a much safer practice for our courts to confine themselves to this simple form of inquiry, yet we do not hold and do not understand the case just cited to hold that the inquiry must necessarily be in those exact words, and that the same inquiry may not be couched in different language. And we can see no substantial difference between the question, "Is this your verdict?" and the questions as here put, "Is this your verdict?" and "Are you still satisfied with it?" The first, when put singly, in reality embodies two questions: (1) "Is this the verdict you agreed to in your jury room?" (2) "Is this the verdict you agree to now in open court?" The questions, as propounded in this case, ask the same thing in an amplified form. As was said in the syllabus to the case of *Campbell*

Evansville Hoop, etc., Co. *v.* Bailey—43 Ind. App. 153.

*& Jones* v. *Murray, supra:* "In polling the jury, the better form of question is, 'Is that, or is it not, your verdict?' [*Black* v. *Thornton* (1860)] 31 Ga. 641, 661. 'Did you consent to that verdict, and do you now consent?' is not substantially different from this form. An answer by a juror, to the effect that he had agreed to the verdict in the jury room, but that he did not think it was exactly right, should not be taken as committing him to the verdict absolutely. Assent in the jury room, where there is to be an immediate delivery into court, is not sufficient. It is necessary to abide by such assent and adhere to it until the verdict is no longer *in fieri*. When one or more of the jurors cannot face the parties and the public with the finding, there should be further deliberation."

We make a clear distinction between the case of *Campbell & Jones* v. *Murray, supra,* and the case of *Bowen* v. *Bowen, supra,* and we do not hold that appellee had a right to require the second question propounded. What we do hold, however, is that, on a poll of the jury, the propounding of said question which was within the scope of the inquiry, and in effect the same as the single, simple inquiry recognized in all jurisdictions as proper, was not reversible error.

The petition for a rehearing is overruled.

Roby, J., absent.