Argued December 5, 1963, affirmed March 25, 1964

# DOWNES *v.* PLANK ET AL

390 P. 2d 622

*Hale G. Thompson,* Eugene, argued the cause for appellant. With him on the briefs were Thompson, Mumford & Woodrich, Eugene.

*Ralph F. Cobb,* Eugene, argued the cause for respondents. With him on the brief were Luvaas, Cobb & Richards, Eugene.

Before McAllister, Chief Justice, and Perry, O'Connell and Denecke, Justices.

PERRY, J.

The plaintiff brought this action against the defendants seeking damages for personal injuries arising out of an automobile accident. The jury returned a verdict for the plaintiff. The defendants filed a motion for a new trial on the statutory grounds as set out in ORS 17.610:

"(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial.

"(2) Misconduct of the jury or prevailing party.

"(3) Accident or surprise which ordinary prudence could not have guarded against.

"* * * * *."

The motion was granted and the plaintiff appeals.

The circumstances upon which the trial court acted are as follows:

The jury received the cause and retired to the jury room. After deliberation, the jury returned into court and announced they had reached a verdict. The written form signed by the foreman was delivered to the presiding judge and read in open court. This first

verdict was for the defendants. The trial court inquired of the foreman if the verdict was unanimous and the foreman answered in the affirmative. The verdict was then received by the court and the jury ordered discharged. The members of the jury thereupon left the jury box and passed through the courtroom toward the jury room for the purpose of collecting their personal belongings, preparatory to leaving the courthouse. As the jury was leaving the courtroom, one of the jurors approached the bailiff and stated she was not satisfied with the verdict returned; that there was some misunderstanding. The bailiff then asked all of the jury to return to the jury room.

The court reporter was present when the juror spoke to the bailiff and makes affidavit to the following:

"I recall Juror #1 say to the Bailiff Lowell Smith, 'Do all Jurors have to vote yes on the same questions to be unanimous?' I interrupted and said, 'What questions do you mean, there are no questions?' And she replied, 'You know, the six questions.' I said again, 'There are no questions to vote on, just whether you vote for the plaintiff or the defendant.' She said, 'I don't know what they are, but the six things in the papers.' And I said, 'You must mean the grounds of negligence.' And she repeated that she just meant the six questions. I said 'Lowell, let's keep the jury here; are they all here?' and he said, 'They are all here.' And I said, 'I am going to talk to the Judge.' "

The juror who made inquiry of the bailiff made affidavit to the following:

"* * * As I left the Courtroom I approached the Bailiff and I ask[ed] him if all jurors had to vote affirmatively on the same question to be unanimous. It was indicated to me by the Court Re-

porter that there were no particular questions to be answered and some discussion followed the exact details of which I do not remember, except that the Bailiff indicated that the Court was present in the hallway and so at that time I indicated to the Court that I did not think the verdict was unanimous and there was some misunderstanding. The Court indicated that nine people had to concur."

An affidavit of the bailiff states that he did not in any manner advise any of the jurors, but only requested them to remain in the jury room and subsequently, at the direction of the trial court, directed them to return to the jury box. The affidavits of other jurors or persons in the courtroom were not presented.

After the jury had returned to the jury box, plaintiff requested that the jury be polled. The defendants joined in this request. The jury was polled and, after it appeared that a requisite number of jurors had not agreed, the trial court ordered the jurors to again retire in custody of the bailiff for further deliberation.

It is the contention of the plaintiff that, in resubmitting the cause to the jury under the circumstances set out, the case was in the same posture as if the jury on being polled disclosed the fact that a constitutional majority had not agreed, and the court had merely directed the jury to resume deliberation.

This contention cannot be sustained, for it clearly appears that after the cause was submitted to the jury, and before a constitutional number had concurred in the verdict set aside by the court, there had been a separation of the jury.

■ Separation of a jury during its deliberations is contrary to the express requirements of ORS 17.305, and, if objected to, constitutes reversible error. *Nickelson v. Smith,* 15 Or 200, 14 P 40.

In *Lehl v. Hull*, 152 Or 470, 479, 53 P2d 48, 54 P2d 290, we stated:

> "The doctrine of Nickelson v. Smith, 15 Or 200 (14 P. 40), is that it is error to allow a jury to separate without the consent of the parties after the submission of the case and before they have agreed upon a verdict. * * *."

The trial judge in his memorandum opinion states:

> "* * * However, in this case the jury was discharged and had left the courtroom after the Court had received and ordered the verdict to be filed. There is and there can be no accurate record of what conversation took place between the individual jurors and third persons outside of the courtroom. * * *."

■ There can be no doubt that ORS 17.305, which provides that the jury shall be kept together under charge of an officer of the court after the cause has been submitted to them "until they agree upon their verdict or are discharged by the court," has as its object the preservation of the purity of the verdict.

While it is a general rule, followed in most jurisdictions, that a verdict is not rendered invalid merely by separation of the jury during its deliberations without the consent of the parties, their decisions rest on the basis that the trial court may in its discretion, after submission of the cause, permit the jury to disperse. Therefore, in the absence of a showing of prejudice, no reversible error on appeal is established. *Byrne v. Mutczak*, 254 F2d 525, 77 ALR2d 1077, cert den 358 US 816, 79 S Ct 24, 3 L ed2d 58, and annotation following. Nevertheless, it has been held to be a matter within the reasonable discretion of the trial court whether the verdict should be set aside and a new trial granted. *United Verde Copper Co. v. Kovacovich*, 42

Ariz 159, 22 P2d 1085; *Settee v. Charlotte Electric R. Co.,* 170 NC 365, 86 SE 1050.

Our research has disclosed no other jurisdiction with a statute such as ORS 17.305, requiring that the jury not be permitted to separate in civil cases after final submission of the cause "until they agree upon their verdict or are discharged by the court." However, it has been held that, when the statute requires that the court may permit a separation of the jury, but must admonish the jury as to their conduct during the separation, the failure to properly admonish the jury prior to separation creates a presumption against the purity of the verdict which must be overcome by the party seeking to sustain the verdict. *Ehrhard v. McKee,* 44 Kan 715, 25 P 193.

After a verdict has been returned, those interested or who have developed an interest in the outcome of a trial would have no hesitancy in expressing their approval or disapproval of the verdict in the presence of the jurors. What effect such action might have upon the jurors' reconsideration of the cause is always an imponderable.

In our opinion, since it is reversible error, if objected to, to permit a jury, after separation in violation of the statute, to reconsider its verdict (*Nickelson v. Smith,* supra), certainly when a matter of separation is presented to the trial court on a motion for a new trial because of a violation of the statute, the trial court has the authority to grant the motion. No other holding would be compatible with the purpose of ORS 17.305 to preserve the purity of the verdict.

The judgment of the trial court is affirmed.